JOHN J. JOYCE vs. EXETER, HAMPTON AND AMESBURY
STREET RAILWAY COMPANY.

Essex.    January 1, 1906. — February 26, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Negligence.    Street Railway.*

A street railway company may be found to have been negligent in operating cars decorated in such a manner as to frighten horses, and to be liable for injuries thus caused.

Whether a street railway company could be found to be liable for injuries to a horse who ran away when frightened by the noisy singing, shouting and horn blowing of a party of excursionists in one of its cars, whose disorderly conduct it made no effort to suppress, *quære.*

In an action against a street railway company for injuries to the plaintiff's horse who ran away when frightened by electric cars of the defendant decorated with strips of white cotton cloth and bunting while carrying an excursion party, there was evidence, that the plaintiff's horse was gentle and not afraid of electric cars, that he was harnessed to a delivery wagon and was standing in front of the plaintiff's store secured by a rope to an ordinary twenty-eight pound weight, that the excursion cars followed a regular car at distances of from six hundred to a thousand feet apart, that the bunting with which the cars were decorated was flapping with the motion of the cars and was bulging in and out, that on the second excursion car one end of the bunting was loose and in motion, that the cars were running "pretty fast," that there was a great amount of noise made by the passengers on one of the excursion cars in singing, shouting and blowing horns, that on the approach of the second excursion car the horse turned, ran down the street and was injured, that before and when the horse ran away the plaintiff and his clerk were engaged in putting up orders, that their attention was attracted to the noise upon the excursion car, but that neither of them left his place in the store to do anything with reference to the horse before he started to run. *Held,* that there was evidence for the jury of due care on the part of the plaintiff and of negligence on the part of the defendant. *Whether* the defendant would have been liable if it had been found that the injuries were caused by disorderly conduct of its passengers which it made no effort to suppress was not considered.

SHELDON, J.    The plaintiff seeks to recover from the defendant for injuries to his horse, alleged to have been caused by the manner in which the defendant operated its railway.    The plaintiff occupied a store in Amesbury, and the defendant is a street railway company running cars every half hour between Haverhill and Hampton Beach, through Amesbury, in front of the plaintiff's store.    At the time of the accident, a regular car and

three other cars carrying an excursion of butchers and grocers from Nashua, New Hampshire, were passing over the defendant's track, bound for Hampton Beach. The three excursion cars were following the regular car at distances of from six hundred to a thousand feet apart, and were decorated with strips of white cotton cloth about a yard wide, with the words " Butchers' & Grocers' Association of Nashua " printed thereon, one of these strips being over the dashboard and others along the sides of each of the excursion cars. The plaintiff's horse, harnessed to an ordinary delivery wagon, was standing in the street in front of his store, between the defendant's tracks and the sidewalk, secured by a rope and an ordinary twenty-eight pound weight. There was a great amount of noise made by the passengers on one of the excursion cars, in singing, shouting and blowing horns. The horse became frightened and ran away, and was injured. It was not struck or in any way injured by contact with either of the defendant's cars; but the contention was that it became frightened by the cars, and that this, together with the rate of speed at which the cars were running, caused it to run away and injure itself. There was evidence that the horse was kind, gentle, and not afraid of electric cars.

A witness for the plaintiff testified that the cars were running " pretty fast." The plaintiff's clerk testified that upon the approach of the second excursion car the horse turned and ran down the street; that he started from the store after the horse, and saw the car moving; that one end of the bunting on it was loose and in motion ; and that the car was " almost under control" as it passed the store, and ran by the store a distance of from ninety to a hundred feet. There was no ordinance in Amesbury at that time fixing the rate of speed of electric cars. Other witnesses testified that the cars were decorated with bunting, which was flapping with the motion of the cars and bulging in and out.

The plaintiff and his clerk were engaged in the store, putting up orders, before and when the horse ran. Their attention was attracted to the noise upon the excursion car, but neither of them left his place in the store to do anything with reference to the horse before it started to run.

The defendant offered testimony tending to show that the

horse started to run upon the approach of the last of the three excursion cars, and turned and ran across the street in front of that car, and that the motorman applied his brakes and stopped the car before it reached the place where the horse had been standing.

Upon this evidence, the defendant asked the judge who presided at the trial in the Superior Court to rule that the plaintiff could not recover, and, after a verdict for the plaintiff, brings the case before us upon an exception to the refusal to give this ruling.

Manifestly the question of the plaintiff's due care was for the jury. His horse was a kind and gentle one, not afraid of electric cars. It was fastened by an ordinary weight, apparently sufficiently heavy. The plaintiff's case is a stronger one in this respect than that which was held by this court to present a question for the jury in *Southworth* v. *Old Colony & Newport Railway*, 105 Mass. 342.

There was evidence of negligence on the part of the defendant. It ran its cars through a public street, decorated in a manner which the jury might have found was likely to frighten horses, and did produce that result in this case. *Jones* v. *Housatonic Railroad*, 107 Mass. 261. *Judd* v. *Fargo*, 107 Mass. 264. In *Patnoude* v. *New York, New Haven, & Hartford Railroad*, 180 Mass. 119, the covered electric car which frightened the plaintiff's horse was not upon the public street, but in the defendant's own freight yard. It does not appear whether the noises of shouting, singing and blowing horns, made by the passengers on the defendant's car, caused or contributed to the fright of the plaintiff's horse. No question seems to have been made as to this and no ruling was asked for at the trial. We need not consider whether the defendant would have been under any liability for injuries caused by disorderly conduct of its passengers which it made no effort to suppress.

*Exceptions overruled.*

*C. H. Poor & E. B. Fuller*, for the defendant.
*R. E. Burke & J. T. Choate*, for the plaintiff.