JOHN L. STUART *vs.* HOLYOKE STREET RAILWAY COMPANY.

Hampden.    October 23, 1911. — November 28, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & DECOURCY, JJ.

*Negligence,* In use of highway.

It is not the duty of the proprietor of a "reach wagon," transporting on a public street rails sixty feet in length upon two pair of wheels from forty to fifty feet apart, to have a person or persons in attendance to protect travellers from being struck by the rear wheels, and, in an action by a child three and a half years of age for injuries sustained from being struck by one of the rear wheels of such a vehicle when he had stopped after having walked for about one hundred feet beside it while the horses were walking slowly and the driver was looking forward, the absence of warning to the plaintiff is no evidence of negligence on the part of the defendant.

TORT by a child three and a half years of age, when injured, for injuries sustained at about half past four o'clock on the afternoon of October 27, 1910, from being knocked down on High Street in Holyoke by one of the rear wheels of a long wagon, sometimes called a "reach wagon," consisting of two pair of wheels connected only by the load being transported, which was drawn by horses alleged to have been driven by a servant of the defendant. Writ dated January 4, 1911.

In the Superior Court the case was tried before *Sanderson,* J.

The material facts shown by the plaintiff's evidence are stated in the opinion.  At the close of the plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*A. L. Green & F. F. Bennett,* for the plaintiff.

*W. H. Brooks & W. Hamilton,* for the defendant.

DeCourcy, J.   The plaintiff, a child of three and one half years, wandered from his home to a public street in Holyoke. When first noticed he was walking alongside a "reach wagon," with his hand resting upon some sixty foot rails that were upon the vehicle.  The front and rear pair of wheels were from forty to fifty feet apart; and the plaintiff, who was nearer the rear than the front wheels, walked along with the conveyance for about one hundred feet, when he stopped and was struck by the right hand rear wheel.  The horses were walking slowly and the driver was looking forward.  No other children were around there except some newsboys on the sidewalk.

The plaintiff's contention is that the defendant's failure to have men in attendance upon the conveyance to protect him from being struck by the rear wheels constituted negligence, and that the case should have been submitted to the jury on that issue.

The judge was right in directing a verdict.  The public ways are established and maintained for the general convenience of passage and traffic and for the reasonable and equal use of all. They are commonly and necessarily used by wagons of different lengths and for the transportation of large objects, such as machinery, merchandise and building materials.  And this general use of the highways for traffic has greatly increased with the extensive application of gas, steam and electricity as motive power for vehicles and with the growth of business.  Yet our attention has been called to no case, in all these varied uses of highways, where the courts have held it incumbent upon the person in control of a vehicle to station guards for the purpose of preventing pedestrians from coming in contact with the rear part of the conveyance.  As was said by Barker, J., in *Gargan* v. *West End Street Railway,* 176 Mass. 106: " Vehicles are frequently met with in the streets with appurtenances projecting as far from the rear end of the main portion of the vehicle as

the fender projected in the present instance. So loads. of iron rods or pipes, lumber, beams, and other like articles often project to much greater distances behind the vehicles upon which they are. It is not unusual to see two or three wagons, one attached behind the other, drawn through the streets by one team. Yet a traveller who walked into such an obstacle to his passage, supposing that, if he avoided collision with the body of the vehicle to which the team was attached, the way would be clear, would collide with an obstacle which was rightfully in place, and could not recover for his injury."

The argument of the plaintiff as to the perils confronting the traveller on foot must be addressed rather to the Legislature, in whom is the ultimate control of public rights in the highways. Where a particular use of the streets unreasonably endangers travel on foot or by horses in the ordinary manner, the Legislature may be expected to regulate such use. Thus, in this Commonwealth, the operation of motor vehicles is controlled (St. 1909, c. 534), the law of the road provides for the passing of vehicles (R. L. c. 54), the leading of dangerous wild animals is limited (R. L. c. 52, § 16), cities and towns are authorized to make ordinances and by-laws relative to the driving of cattle (R. L. c. 52, § 6), and a recent act (St. 1911, c. 578) requires certain vehicles to carry lights at night.

This is not like the cases arising from the frightening of horses by the transportation of extraordinary objects in the highway, where precautions are necessary in order to enable others with equal rights to travel in the ordinary manner or to pass the object in safety. *Joyce* v. *Exeter, Hampton & Amesbury Street Railway*, 190 Mass. 304. Nor do we intimate that under other circumstances one using the street may not be under obligation to take special precaution to avoid endangering the lives or property of others rightfully upon the highway. *State* v. *Kowolski*, 96 Iowa, 346. *Mullen* v. *Glens Falls*, 11 App. Div. (N. Y.) 275.

In view of our decision that no negligence was shown on the part of those having control of the wagon, it is not necessary to determine whether the plaintiff was a trespasser, nor whether the driver was a servant of the defendant at the time of the accident.

*Exceptions overruled.*