RAYMOND H. HOWLETT *vs.* DORCHESTER TRUST COMPANY.

Suffolk.    January 27, 1926. — June 30, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, &
SANDERSON, JJ.

*Negligence,* Invited person, Of one in control of real estate, Of proprietor
of a banking institution, Of child, Of person in care of child.

If a mother went to the banking rooms of a trust company having a savings
    department for the purpose of making deposits for herself and for
    members of her family in a "Christmas Club," and, in addition, a
    deposit for her son, two years and three months of age, in an account
    which stood in her name as trustee for him, and took the son with her
    because she wished to and because there was no one at home with whom
    she could leave him while she attended to the business, and the son,
    being injured on the premises, brought an action against the trust
    company therefor, a finding is warranted that in the usual course of her
    dealing for the son it was reasonable for her to have him accompany her
    thither and that he was impliedly invited by the defendant into its
    banking room.
At the trial of the action above described, there was evidence that, while
    the mother was at a counter, the boy was left by her sitting alone on a
    smooth, mahogany topped bench, provided by the defendant for use
    by those coming to the premises and standing from eight inches to
    two feet away from a vapor heating radiator, then heated to at least
    two hundred twelve degrees Fahrenheit and not guarded in any way
    from contact with any one upon the bench, and that he fell between
    the bench and the radiator and was injured.  *Held,* that the boy was
    too young to be responsible for himself, and that it could not be said,
    as a matter of law, either that the facts admitted of but one interpre-
    tation and established that the place was kept reasonably safe, or that
    the mother failed to exercise the care of a reasonably prudent person
    and that her negligence contributed to the plaintiff's injury.

TORT for personal injuries.    Writ dated March 1, 1920.

In the Superior Court, the action was tried before *Cal-
lahan,* J.    Material evidence is stated in the opinion.    The
judge denied a motion by the defendant that a verdict be
ordered in its favor.    The motion was denied subject to an
exception by the defendant.    There was a verdict for the
plaintiff in the sum of $200, which, on motion by the plain-
tiff, was set aside, and, upon a new trial on the question of

damages only, a verdict was returned in the sum of $3,000. The judge who presided at the first trial then reported for determination by this court the question of law there raised.

The case was argued at the bar in January, 1926, before *Rugg,* C.J., *Pierce, Carroll, Wait,* & *Sanderson,* JJ., and afterwards was submitted on briefs to all the Justices.

*M. M. Johnson,* for the defendant.

*W. Flaherty,* (*B. A. Levy* with him,) for the plaintiff.

WAIT, J.    On November 17, 1919, the plaintiff, then two years and three months old, was taken by his mother to the banking rooms of the defendant, whither she went to make deposits for herself and for members of her family in a "Christmas Club," and, in addition, a deposit for the plaintiff in an account which stood in her name as trustee for him.   He was taken because the mother so wished and because there was no one at home with whom she could leave him while she attended to this business.   He was placed by her upon a smooth, mahogany topped bench, provided by the defendant for use by those coming to the premises, which stood from eight inches to two feet away from a vapor heating radiator, then heated to at least two hundred twelve degrees Fahrenheit, and not guarded in any way from contact with anyone upon the bench.   He was seated by his mother with his legs hanging down in front of the bench, away from the radiator, and was left there while she attended to the deposits at a desk not over twenty-five feet away and in full sight. While she was gone and after she had made her other deposits, but before she had made any deposit for him, in some unexplained way he came off the bench and in contact with the radiator.   He suffered burns for which he brings this action for damages.

At the trial the judge refused to take the case from the jury, and the case is before us upon his report, on the questions of negligence of the defendant, and due care and contributory negligence of the plaintiff.

The mother testified that she had taken the boy to the rooms before and had seen the benches (of which there were several in various parts of the room but no others close to a radiator) used by other people and by children; that she knew

that radiators were supposed to be hot, but did not notice whether or not any heat was coming from this radiator; that she had never been warned not to use that bench or that harm might come from the radiator; that there was no one else on the bench; that persons were moving about in the rooms; and that she kept looking back to see that the boy was all right. There was no evidence that the defendant knew anything of the situation which she did not know, or in the exercise of reasonable care could not know.

Taking, first, the question of the defendant's negligence. It was not an insurer, neither did it owe to any one the high degree of care owed by a carrier to a passenger. At the most it owed only the duty to furnish a reasonably safe place for the use of those invited to its premises, and to refrain from wilful and wanton negligence toward those licensed to be upon them. *Plummer* v. *Dill,* 156 Mass. 426. *McDermott* v. *Sallaway,* 198 Mass. 517. *Norton* v. *Hudner,* 213 Mass. 257. *Lord* v. *Sherer Dry Goods Co.* 205 Mass. 1. There was no evidence of wilful or wanton carelessness. If it were negligent at all, therefore, it was responsible only to those it had invited upon the premises. The defendant contends that the plaintiff has no standing as an invitee. We may admit its claim that it had extended no personal invitation to this baby boy. But by equipping its premises for a savings bank and conducting in them a savings bank business, by implication it invited any interested person to come thither and make use of them. The mother clearly was invited there, and she had been dealt with there as a trustee acting for the benefit of the plaintiff. If in the usual course of her dealing for him it was reasonable for her to have him accompany her thither, we think he came within the implied invitation. In this case we need not decide whether every child taken by a depositor to the bank can claim the benefit of an invitation extended to the parent. See *Miller* v. *George B. Peck Dry Goods Co.* 104 Mo. App. 609. We confine ourselves to the plaintiff's status, and decide that he was entitled to the rights of an invitee.

It remains to decide whether there was negligence on the defendant's part, and, although the question is close,

upon the evidence it was for the jury to say whether the existing combination of bench and unguarded radiator was reasonably safe. We cannot say, as matter of law, that the facts admit of but one interpretation, and establish that the place was kept reasonably safe.

So with the questions of due care and the contributory negligence of the plaintiff. He was too young to be responsible for himself. His mother's conduct was for the jury to pass upon. *Gallagher* v. *Johnson,* 237 Mass. 455. We cannot say on the evidence, as matter of law, that she failed to exercise the care of a reasonably prudent person, and that her negligence contributed to his injury.

In the opinion of a majority of the court, the trial judge was right in sending the case to the jury. The order must be

*Verdict to stand.*