BARBARA FLYNN *vs.* CITIES SERVICE REFINING COMPANY.

Suffolk.     October 6, 1939. — June 25, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence*, Automobile service station, Invited person.

The proprietor of an automobile service station owed no duty to a child of tender years accompanying his father, a business visitor upon the premises in the daytime, to maintain some means to guard against the obvious danger of a fall into a pit which was an ordinary accessory of the premises.

TORT. Writ in the Superior Court dated July 18, 1935.

The case was tried before *Morton*, J.

*T. J. Colbert & C. B. Cotter*, for the plaintiff, submitted a brief.

*S. Burr*, for the defendant.

FIELD, C.J. This is an action of tort brought by a minor by her next friend to recover compensation for personal injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendant. At the end of the plaintiff's case the trial judge upon motion of the defendant directed a verdict for the defendant. The plaintiff excepted.

There was no error.

The only evidence in the case was the testimony of the plaintiff's father and pictures of the gasoline station involved. Material portions of the father's testimony were as follows: "On the morning of May 24, 1935, he was in the gasoline station owned and controlled by the defendant . . . . He was on the premises to have his car greased and the oil changed. The plaintiff, Barbara Flynn, three years and nine months old at the time was with him. He drove his car up on the lift and got out of the car with his daughter. The gasoline station employee raised the lift and started greasing the car. The plaintiff's father was standing alongside of same with Barbara when a friend came over to him and they shook hands. He let go of Barbara's hand to shake hands with

his friend. After conversing with him a few moments he looked for Barbara but couldn't find her. He looked under the lift and saw her a few feet away from the pit. By the time he had taken three or four steps toward her she had tumbled head first down into the pit. She was taken to the Haymarket Relief Station. The pit was about five feet deep, twelve feet long and three and one half feet wide, with a two-inch curbing around it. There were two chains hanging from a fence that could be run across each end of the pit. The chains were not up that morning. The plaintiff's father knew that the pit was there before the day of the accident. He had never seen those chains in use before the day of the accident." Referring to the pictures of the gasoline station, the father testified "that the pit his daughter fell into was in back of the gas station as one faces the station from the street and the lift his car was on was on the left hand side of the station. Where he was standing near the lift he was some twenty or twenty-five feet from the pit." He further testified "that the pictures revealed the chains hanging loose on the fence and that is just the way they were on the morning of the accident. Before the accident there were no edge boards or flooring over the top of the pit."

Clearly it could have been found that the plaintiff's father was a business visitor at the gasoline station, that he was invited to enter the premises for the purpose of having his automobile greased and the oil changed. The defendant's duty — breach of which would constitute negligence — to such persons, as stated in *Kelley* v. *Goldberg*, 288 Mass. 79, 81, "was to use reasonable care to keep the premises in a reasonably safe condition for such persons' use according to the invitation, or at least to warn them against any dangers attendant upon this use which were not known to them or obvious to any ordinarily intelligent person and either were known or in the exercise of reasonable care ought to have been known to the defendants."

The evidence did not warrant a finding that the pit was not an ordinary accessory of the gasoline station, the existence of which on the premises was naturally to be expected

(compare *Brooks* v. *Sears, Roebuck & Co.* 302 Mass. 184, 186), or that the danger of falling into it was not "obvious to any ordinarily intelligent person." There was no evidence that the pit was concealed or that at the time the accident occurred — in the morning — any lighting of the pit was required to disclose its presence. Compare *Kelley* v. *Goldberg,* 288 Mass. 79, 82. It could not have been found that the defendant owed any duty to the father of the plaintiff to maintain a fence, rail or other barrier around the pit to guard against the danger of falling into it obvious to any ordinarily intelligent person. See *Hunnewell* v. *Haskell,* 174 Mass. 557; *McGuire* v. *Valley Arena Inc.* 299 Mass. 351.

The primary question for determination, therefore, is whether it could have been found that the defendant owed any greater duty of care to the plaintiff than it owed to her father. There is no evidence that the plaintiff was at the gasoline station on business of her own. Compare *Howlett* v. *Dorchester Trust Co.* 256 Mass. 544, 546. If she was at the gasoline station by invitation of the defendant it was merely as an incident of the invitation extended to her father. We assume in favor of the plaintiff, without deciding, that it could have been found that the invitation to the father to come to the gasoline station for the purpose for which he came impliedly extended to his young daughter accompanying him. See *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189, 192. Compare *Murphy* v. *Huntley,* 251 Mass. 555, 557–558; *Howlett* v. *Dorchester Trust Co.* 256 Mass. 544. But the ordinary purposes of a gasoline station do not contemplate its use by children of tender years. And we think that, even if the defendant's invitation to the father impliedly included the plaintiff, it could not be found to be an invitation to her to roam about the premises, away from the place where he was doing business, without her being guarded by him, that imposed on the defendant any greater duty of care to the plaintiff, in the circumstances shown, than to any ordinarily intelligent person invited to come upon the premises for business purposes. See *Mosher* v. *Anton G. Hanson Co.* 193 Minn. 115, 119; *Burchell* v. *Hickisson,* 50 L. J. C. P. (N. S.) 101, 102; *Latham* v. *John-*

*son,* [1913] 1 K. B. 398, 407. See also *Holbrook* v. *Aldrich,* 168 Mass. 15, 16. It follows that it could not have been found on the evidence that the defendant was negligent.

In view of the conclusion reached, discussion of contributory negligence is not required.

*Exceptions overruled.*