ELIZABETH O'HANLEY *vs.* CARLTON E. NORWOOD.

Essex.    January 4, 1944. — February 1, 1944.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence*, Automobile service station, One owning or controlling real estate.

Evidence of the circumstances in which an elderly woman on the premises of an automobile service station tripped and fell over the handle of an automobile jack which obviously projected beyond the rear of an automobile while its tire was being changed did not warrant a finding of negligence of the proprietor of the station toward her, even if she was an invitee there and the proprietor did not warn her of the presence of the jack handle.

A landowner is under no duty to warn a business visitor of dangers, knowledge of which he may reasonably assume the visitor has.

TORT for personal injuries. Writ in the District Court of Eastern Essex dated December 12, 1940.

There was a finding for the plaintiff by *Morley*, J. The Appellate Division for the Northern District ordered the finding vacated and judgment entered for the defendant. The plaintiff appealed.

*C. R. Clark*, for the plaintiff.
*E. J. Garity*, for the defendant.

RONAN, J. Some three weeks before the accident, a clerk of one Comeau, who conducted a drug store, made arrangements with an employee of the defendant, who conducted a filling station located across the street from the drug store, to have the morning newspapers left at the filling station and to permit Comeau's customers to purchase them, leaving the money near the papers each morning until the clerk came about eight o'clock and took the unsold papers

and the change to the drug store, which he then opened up
for the day's business.   The plaintiff, a woman seventy-five
years of age and quite feeble, had been taking a newspaper
for about three weeks prior to June 15, 1940, from the pile
of papers which were left on a step or ledge in front of the
right hand window as one faces the station.   None of the
defendant's employees sold any papers, but on occasions
one of them would make change for the purchaser of a paper.
The filling station consisted of a small, one-story building,
on the front of which was a door in the center, and a window
on each side of the door.   There was room to drive an auto-
mobile between the front of the building and the three gaso-
line pumps which were located on the premises.   The de-
fendant sold gasoline, oil, tires and accessories.   He greased
and serviced automobiles and made minor repairs including
the changing of tires.   On the morning of June 15, 1940, the
defendant's employee was changing the rear right tire of an
automobile, which was facing toward the left of the build-
ing with its rear about opposite the door of the filling station.
The rear right wheel had been raised by a jack which rested
upon a base supported by four small wheels.   It had a handle
about four feet long which protruded about three feet beyond
the rear of the automobile and about a foot above the ground.
The jack was of a type commonly used in filling stations.
The plaintiff came upon the defendant's premises, ap-
proached the front of the automobile and then passed be-
tween the right side of the automobile and the front of the
station to the place where the newspapers were, selected
a paper, left the money, turned around, started to walk
behind the rear of the automobile, took five or six steps,
tripped over the handle of the jack and fell to the ground.
The judge found for the plaintiff.   The Appellate Division
ordered judgment for the defendant.   The plaintiff appealed
from this order.

   We assume in favor of the plaintiff that she was an invitee
of the defendant even though the latter received no com-
pensation from Comeau for the privilege of having the
papers left at the filling station.   The question is whether
there was error in the finding of the trial judge that the

employees of the defendant were negligent in allowing the handle of the jack to remain unguarded.

The defendant's employees knew that the plaintiff had called nearly every morning for the preceding three weeks for a paper and that, after obtaining a paper, it was her custom to go in the direction she went on the morning of the accident. The accident occurred on a pleasant June morning, sometime before eight o'clock. After she entered the defendant's premises, she passed the automobile on the same side as that on which the rear tire was being changed. The defendant's employee who was changing the tire was in plain view. He was performing work that was ordinarily done at the filling station and it was work that would require the use of tools and equipment. Everything connected with the work was open and obvious. There is no duty upon a landowner to warn a business visitor of dangers, knowledge of which the landowner may reasonably assume the visitor has. It could not be found that the defendant's employee was negligent if he failed to warn the plaintiff of the presence of the handle of the jack or if he left the handle unguarded when a purchaser of a newspaper might be in the vicinity. *Gargan* v. *West End Street Railway*, 176 Mass. 106. *Stuart* v. *Holyoke Street Railway*, 210 Mass. 240. *Adriance* v. *Henry Duncan Corp.* 291 Mass. 202. *Brooks* v. *Sears, Roebuck & Co.* 302 Mass. 184. *Flynn* v. *Cities Service Refining Co.* 306 Mass. 302. *Forgione* v. *Frankini Construction Co.* 308 Mass. 29. *Parker* v. *Jordan Marsh Co.* 310 Mass. 227.

*Order of Appellate Division affirmed.*