WILLIAM F. DUNN *vs.* M. ANNIE SAMMET.

Worcester. September 25, 1956. — December 10, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Negligence,* One owning or controlling real estate, Contributory.

Evidence that after dark the owner of a house called from a rear window to a salesman who had delivered a package to her garage near one side of the house to "come around to the side door" at the other side, and that the salesman proceeded there along the rear of the house where the foundation was banked and was injured when he fell into a cellarway cut through the bank, warranted a finding that the owner was negligent in failing to warn the salesman of the cellarway even if she knew that he had previously used the side door, and did not require a ruling that he was guilty of contributory negligence even if he could have avoided the cellarway by walking across the back yard instead of along the bank.

TORT. Writ in the Superior Court dated June 24, 1953. The action was tried before *Dewing, J.*

*Irvin E. Erb, (Donald R. Erb* with him,) for the defendant.

*James F. Coburn, Jr.,* for the plaintiff.

WILLIAMS, J. In this action of tort to recover for personal injuries the jury found for the plaintiff and the defendant excepted to the denial of a motion to direct a verdict in her favor. The plaintiff was injured on July 11, 1952, while visiting the premises of the defendant on South Street, Fitchburg. He was a salesman for a concern which dealt in liquors and frequently had supplied merchandise to the defendant who operated a store. Shortly before July 11, she had asked him to deliver a case of whiskey and to bring with

him a statement of her account. On learning that he could
not do so before the evening of July 11, she told him to place
the whiskey in the garage behind her house. She owned and
occupied a house which stood on a rectangular lot having a
frontage of eighty feet and a depth of one hundred feet. The
house faced west on South Street and the garage was lo-
cated in the northeast corner of the lot. The plaintiff came
to the premises after dark, drove his automobile into the
driveway from South Street, and placed the whiskey in the
garage. The defendant called to him from a window in the
back of the house where she was sitting and he went up to
the window. The foundation of the house in the rear was
banked to a height of two and one half feet and about mid-
way of the northeast and southeast corners a cellarway con-
structed of cement was cut through the bank into the cellar.
The sides of the cellarway extended about nine inches above
the bank. The window where the defendant was sitting
was near the northeast corner of the house and was located
in a section of the back of the house which was recessed to a
depth of five feet. She said to the plaintiff "come around
to the side door," a door with which he was familiar and
which was reached by steps at the southeast corner of the
house. He went in the direction of the steps and after turn-
ing the corner of the recess fell into the cellarway and was
injured. There was no evidence that the plaintiff's injuries
resulted from any defect in the premises and the question
for decision in respect to the defendant's negligence is
whether the familiar rule that a landowner owes to business
visitors the duty to "warn them of dangers not obvious to
the ordinary person but which are known or should be known
to the landowner" required her in the exercise of reasonable
care to warn the plaintiff of the cellarway. *LeBlanc* v.
*Atlantic Building & Supply Co. Inc.* 323 Mass. 702, 705.
This was a question for the jury. While it appeared that
the plaintiff had previously used the rear steps to the side
door, doubtless to the knowledge of the defendant, it could
not be ruled that she was justified in assuming that he knew
of the cellarway. It was a source of danger to one who in

the darkness went directly from the window to the steps. See *Tetrault* v. *Ghibellini*, 316 Mass. 477. Compare *O'Hanley* v. *Norwood*, 315 Mass. 440, 442.

As to the plaintiff's contributory negligence, it was said in *Palmer* v. *Boston Penny Savings Bank*, 301 Mass. 540, 544, "Ordinarily, one who gropes his way along in the darkness of a strange place and falls down a stairway or into an elevator well is lacking in due care . . . but the issue must be determined upon the particular facts in each case." It could be found that in telling the plaintiff to come around to the side door the defendant invited him to use so much of the premises as lay between the window and that door. Whether reasonable care for his own safety should have caused him to go down the bank to the level of the back yard and thence proceed to the steps rather than, as he presumably did, go along the side of the bank was for the jury.

*Exceptions overruled.*