EUGENE DEL BIANCO vs. BOSTON EDISON COMPANY.

Suffolk.    November 10, 1958. — March 9, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence*, Licensee, Trespasser, One owning or controlling real estate, Guy wire. *Real Property*, License, Trespass. *Agency*, What constitutes, Of spouse. *Husband and Wife*, Agency of spouse.

The mere fact that a wife allowed her husband to use her land for his personal business made him at most only a licensee thereon. [659]

An agency of one spouse for the other is not shown by the mere relation of husband and wife. [659]

One maintaining a pole and guy wire on land without authority from the owner thereof would owe a duty of exercising due care not to cause harm to one using the land as a mere licensee of the owner. [660]

Negligence on the part of one, maintaining on land a pole with a guy wire extending from near its top to an anchor in the ground close to a building, toward one injured by tripping over the wire while rightfully on the land was not shown where the pole and wire were obvious and the injured person was well aware of their presence there. [660]

TORT. Writ in the Superior Court dated September 27, 1954.

The action was tried before *Dowd*, J.

The case was submitted on briefs.

*David H. Fulton*, for the plaintiff.

*W. Lloyd Allen*, for the defendant.

WILLIAMS, J. In this action of tort for personal injury the plaintiff alleges in his declaration that "on September 16, 1954, the defendant unlawfully — against the express orders of the plaintiff, and after promise by the defendant to remove the same — did maintain on premises owned or controlled by the plaintiff a certain supporting cable and post; [and] that the plaintiff on said day tripped and fell over the said post and wire due to the unlawful and negligent conduct of the defendant . . . ." In its answer the

defendant makes a general denial and pleads the plaintiff's contributory negligence and assumption of risk. The case is here on the plaintiff's exception to the direction of a verdict for the defendant.

From the brief record of the evidence it appears that in 1947 or 1948 the plaintiff's wife bought a lot of land at the corner of Saratoga and Addison streets in East Boston on which the defendant was maintaining a pole for the guying of a series of poles carrying wires on Addison Street. The defendant had no written authorization for the erection or maintenance of the pole and its "location was purely permissive." In May, 1954, the plaintiff sold a plant at 155 Addison Street and planned "to go into a smaller business . . ., the manufacturing of spumoni, in a new building to be erected" on the said lot of his wife. He called one Pellegrini, the district manager of the defendant whom he had known for twenty years and with whom he had dealt in connection with his former business, and said, "The pole is in the middle of the lot, here, and I want it moved out, because that is going to obstruct the construction." Pellegrini said, "I'll take care of it." "After several calls, Pellegrini said he would come over and take the pole out of where it was and put it in front of the building, so that the plaintiff could go on with his construction without being obstructed temporarily, because they couldn't move it out to the street, because they had to have a hearing at city hall to take the pole out and put it in the street and so he said: 'Temporarily, we will put the pole there in front of the building.'" The pole was moved in June or July to a location between the front of the building and the sidewalk as shown on the photographs in evidence. "As the construction went along, the plaintiff had further talk with Pellegrini and told him 'to move the pole out of there, because I couldn't continue to keep moving the pole out, you know, hurrying him to take the pole out of the way.' Pellegrini said he had to wait until he got the hearing date and the O.K. from the city before they could move it from there onto the sidewalk."

The plaintiff was injured on September 16, 1954, by tripping over a guy wire which extended from near the top of the pole to an anchor in the ground. He was passing through a space two or three feet wide between the wire and the building. The plaintiff knew that the pole and wire were there and testified, "I probably went in there thousands of times and never got hurt but, on this particular day, I went in and caught my leg."

The plaintiff although alleging unlawful conduct has presented no evidence of violation of law by the defendant from which a civil right of action would arise. See *Dean* v. *Leonard*, 323 Mass. 606, 607–608. Nor does he seek recovery on grounds suggested in Restatement: Torts, § 380. His case is predicated on the defendant's negligence.

To prove such negligence it must appear that the defendant has committed a breach of a duty of care owed to the plaintiff. In determining the nature and extent of this duty the respective relations of the parties to the landowner are to be considered. It could be found from the nature of the construction work performed by the plaintiff on his wife's land that she had allowed him to use the land for his personal business. Such permission, however, did not make him her tenant or give him any interest in her property. *Colbert* v. *Ricker*, 314 Mass. 138, 139. Compare *Brown* v. *Benjamin*, 8 Allen, 197. His right to use the land was at most that of a licensee.

The defendant appears from the long continued use of the land for its pole at some time to have been a licensee, originally of the prior owner, and subsequently of the plaintiff's wife. Whether as to her it had become a trespasser when the plaintiff was injured depends on whether she had ordered it to remove its pole and it had failed within a reasonable time to do so. See *Nelson* v. *American Tel. & Tel. Co.* 270 Mass. 471.

No evidence was offered that the notice to the defendant to remove its pole was by her authority. The mere relation of husband and wife is not sufficient to show that one spouse is acting as the agent of another. *Barker* v. *Mackay*, 175

Mass. 485. *Harvey* v. *Squire,* 217 Mass. 411. *Hannon* v. *Schwartz,* 304 Mass. 468, 470. *Gordon* v. *O'Brien,* 320 Mass. 739, 741. But if it could be found that the plaintiff's notice was impliedly authorized by his wife, the defendant did not become a trespasser as to him. Its duty of care remained no greater than that of one licensee to another, namely, to act in a manner which foreseeably would not be likely to cause harm to another rightfully on the premises. *Brosnan* v. *Gage,* 240 Mass. 113, 117. *Buckley* v. *Arthur J. Hickey Family Laundry Co.* 261 Mass. 348. *Falardeau* v. *Malden & Melrose Gas Light Co.* 275 Mass. 196, 199. Restatement: Torts, § 381.

The defendant had no reason to warn the plaintiff of the relocation of the pole which it had moved with his knowledge, if not with his tacit consent. *O'Hanley* v. *Norwood,* 315 Mass. 440, 442. We think that the jury would not have been warranted in finding that the probability of contact with the pole or wire by the plaintiff was such that in the exercise of reasonable care additional safeguards in the form of some protective devices were reasonably required. Ordinarily it may be assumed that a visitor on land will not violently come in contact with fixed objects which are known to him and the danger of which is obvious. See *Hoyt* v. *Woodbury,* 200 Mass. 343, 345; *Brooks* v. *Sears, Roebuck & Co.* 302 Mass. 184, 187; *Flynn* v. *Cities Serv. Ref. Co.* 306 Mass. 302, 304; *Lookner* v. *New York, N. H. & H. R.R.* 333 Mass. 555, 557.

There was no error in directing a verdict for the defendant. It is not necessary to discuss the question of the plaintiff's contributory negligence.

*Exceptions overruled.*