*Francis X. Burns*, for the insurer.

ROBERT F. WATERS & another *vs.* ARNOLD BANNING.   October 29, 1959. Exceptions overruled.  This is an action of tort by Marion Waters, the wife of Robert, to recover damages for personal injuries alleged to have been sustained by her on May 31, 1956, while on the premises of the defendant as a business invitee, by reason of the negligence of the defendant in maintaining said premises.  A second count is by Robert to recover consequential damages. The action comes here upon the plaintiffs' exceptions to the allowance of motions for directed verdicts for the defendant.  There was no error.  The evidence in its aspects most favorable to the plaintiffs was that Marion drove to the defendant's premises to purchase flowers.  Adjacent to the entrance to the flower shop and alongside a greenhouse, there was a wooden frame about fifty feet long, four feet wide, and five or six inches high.  Within this frame there were stored for sale peat moss and sterilized soil, covered by a dirt colored canvas.  This frame and canvas were open and obvious and Marion passed the frame on her way to the entrance of the shop.  She left the shop at about 4:20 P.M. and walked toward her automobile which she had parked near by.  She was walking backward carrying on a conversation with the defendant.  As she turned around to go to the automobile her foot caught on the wooden frame, causing her to fall and sustain injury.  We are cognizant of the familiar rule that a "landowner owes to business visitors a duty to use reasonable care to keep the premises in a reasonably safe condition for such visitors' use according to the invitation extended to them, or at least to warn them of dangers not obvious to the ordinary person but which are known or should be known to the landowner. . . . This duty to warn does not extend to dangers, knowledge of which the landowner may reasonably assume the visitor has." *LeBlanc* v. *Atlantic Bldg. & Supply Co. Inc.* 323 Mass. 702, 705. *O'Hanley* v. *Norwood*, 315 Mass. 440, 442.  See *Letiecq* v. *Denholm & McKay Co.* 328 Mass. 120.  In the circumstances herein described we are of opinion that there was no evidence of negligence on the part of the defendant.

*Jacob Oppewal*, for the plaintiffs.

*James C. Donnelly, Jr.*, for the defendant.