GERMAINE ST. ROCK, administratrix, *vs.* ALBERT GAGNON.

Bristol.    March 7, 1961. — June 8, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Negligence,* Automobile service station, One owning or controlling real estate.

Evidence did not warrant a finding of negligence on the part of the proprietor of an automobile service station toward a customer who was injured when he fell over a jack handle obviously projecting from under the front of an automobile in an area of the premises used for repair of automobiles.

TORT. Writ in the Superior Court dated July 17, 1958. The action was tried before *Smith,* J.

*John J. Harrington,* for the defendant.
*James A. Heaney,* for the plaintiff.

WILLIAMS, J. This is an action of tort to recover for personal injuries received on September 28, 1957, when the plaintiff[1] fell over the handle of an automobile jack on the premises of the defendant in Fall River. There was evidence introduced by the plaintiff that the defendant operated an automobile service station consisting of a sixty foot

---

[1] Our reference to "plaintiff" is to the original plaintiff who died after the bill of exceptions was allowed and whose administratrix was substituted.

St. Rock *v.* Gagnon.

garage and four gasoline pumps located from eighteen to twenty feet in front of the garage. The garage and surrounding area were used for the repair of automobiles. On the day of the accident the plaintiff, who had been a customer of the defendant for fourteen years, drove his truck to one of the pumps and proceeded to fill its tank with "gas." He then walked toward the men's room in the garage passing in front of an automobile which was standing in front of the building. He called to an attendant, who was in the office, the amount of his purchase, and, turning to his left, fell over the handle of a jack which projected four to five feet from under the front of the automobile. The jack was three feet in length, had four wheels, and weighed approximately sixty pounds. The handle was approximately two inches in diameter with a knob on the end. Its height from the ground was about two and one half feet.

The defendant rested at the conclusion of the plaintiff's case, and moved that a verdict be directed in his favor. The defendant's motion for a directed verdict was denied and the jury returned a verdict for the plaintiff. It was taken under leave reserved and a motion by the defendant that a verdict in his favor be entered was denied. The case is here on the defendant's exceptions to the denial of his motions.

The plaintiff was a business visitor to whom the defendant owed the duty of reasonable care to keep his premises in a reasonably safe condition for the use of the visitor according to the invitation extended or at least to warn him of dangers not obvious to the ordinary person but which were known or should be known to the defendant. *Kelley* v. *Goldberg,* 288 Mass. 79, 81. *LeBlanc* v. *Atlantic Bldg. & Supply Co. Inc.* 323 Mass. 702, 705.

A jack is an appliance commonly a part of the working equipment of an automobile service station (*O'Hanley* v. *Norwood,* 315 Mass. 440) and there was no evidence that the one in question was not in use for the purpose of working on the automobile under which it was placed. The defendant could assume that a visitor in the position of the

plaintiff would expect to find in the area used for repairs conditions which would naturally result from the manner in which the work was openly carried on, and could not reasonably have anticipated that the jack would be to such person a source of danger. *LeBlanc* v. *Atlantic Bldg. & Supply Co. Inc., supra,* p. 705. *Flynn* v. *Cities Serv. Refining Co.* 306 Mass. 302, 303–304. *O'Hanley* v. *Norwood, supra,* p. 442. *Griffin* v. *Fletcher Hardware Co. Inc.* 327 Mass. 235, 236. *Letiecq* v. *Denholm & McKay Co.* 328 Mass. 120, 122. There was no need to warn the plaintiff of its presence since the projecting handle was obvious. *O'Hanley* v. *Norwood, supra. Del Bianco* v. *Boston Edison Co.* 338 Mass. 657, 660. In the opinion of a majority of the court there was no evidence from which it could be found that the defendant was negligent. He was entitled to the entry of a verdict under leave reserved.

*Exceptions sustained.*
*Judgment for the defendant.*