HARRIET HUBBARD *vs.* PALMER RUSSELL Co.

Suffolk. November 8, 1961. — December 28, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Negligence,* Invited person, One owning or controlling real estate, Contributory.

In an action against one in control of an apartment building, evidence that the plaintiff went to the building to receive instruction in the operation of the switchboard thereof in preparation for her substituting for the defendant's regular operators during their vacations warranted a finding that the plaintiff was an invitee of the defendant when she was injured in a fall while leaving the premises after such instruction. [416]

Evidence of the circumstances in which an invitee on premises, while walking along an unlighted passageway in leaving the premises at night,

fell into an unguarded and unlighted stairwell and was injured warranted a finding that the one in control of the premises was negligent toward the invitee and did not require a ruling that the invitee was guilty of contributory negligence. [416–417]

TORT. Writ in the Superior Court dated August 28, 1958.

The action was tried before *Goldberg, J.*

*Robert W. Cornell,* for the defendant.

*Joseph Graglia,* for the plaintiff.

SPIEGEL, J. This is an action of tort to recover for personal injuries sustained by the plaintiff when she fell into a stairwell of an apartment building controlled by the defendant. At the conclusion of the evidence, the defendant moved for a directed verdict which was denied. The jury returned a verdict for the plaintiff and the case is here on the defendant's exception to the denial of its motion.

For a period of about two months prior to the accident the plaintiff spent several hours each day on the defendant's premises receiving instructions in the operation of the building's switchboard from the regular operators so that she could substitute for them during their vacation period. In previous years the selection of a replacement operator had always been left to the two regular operators. One of them told the plaintiff that she would be willing to train her "if . . . [the plaintiff] would like to take the job." It was the custom that when the operators notified the defendant of their vacation time they would also give the name of their replacement. On this occasion, however, they did not submit the plaintiff's name but informed the defendant that they were training someone "but . . . were not sure of her."

During the two months' period the plaintiff usually entered the building by the front door. She would then go to the boiler room in the basement and obtain a chair which she used during the instruction period. When she was ready to go home, the plaintiff would return the chair to the boiler room and then leave the building by the rear door which led from the corridor on which the boiler room was

located.  She had often seen other people using the rear
door.  The janitor was present on occasions when the
plaintiff used the rear entrance.

On May 20, 1958, the plaintiff stayed until about 10 P.M.
She returned the chair to the boiler room and left by the
rear door.  She walked up four or five steps to the passage-
way at the rear of the building, turned to the right, walked
a few feet and fell into the stairwell which led to the door
to the boiler room.  Neither the passageway nor the stair-
well was lighted.  There were no guard rails around the
stairwell.  There was a bulb at the top of the boiler room
door but it was not lighted.  The plaintiff had previously
passed by the stairwell in both daylight and darkness.  She
knew the well was there but on the night of the accident she
had "just forgotten the well was there."  She was looking
where she was going and did not notice the well.

On the evidence the jury could find that the plaintiff had
been invited upon the premises of the defendant to receive
instructions in the operation of the defendant's switch-
board in preparation for her contemplated employment by
the defendant.  See *Denny* v. *Riverbank Court Hotel Co.*
282 Mass. 176, 180; *Hart* v. *M. S. Kelliher Co.* 308 Mass. 213,
215.  If the plaintiff was an invitee the defendant owed her
the duty to use reasonable care to keep the premises in a
reasonably safe condition for her use or at least to warn of
dangers known to the defendant but not obvious to the ordi-
nary person.  *Hart* v. *M. S. Kelliher Co., supra* at 215.
*LeBlanc* v. *Atlantic Bldg. & Supply Co. Inc.* 323 Mass. 702,
705.  *Rossley* v. *S. S. Kresge Co.* 339 Mass. 654, 656.  *St.
Rock* v. *Gagnon,* 342 Mass. 722, 723.

The defendant contends, however, that it owed the plain-
tiff no duty with respect to the stairwell because of her
knowledge of it.  Whether the defendant's duty extended
to the stairwell was a question properly submitted to the
jury on the evidence.  *Dunn* v. *Sammet,* 335 Mass. 162,
163–164.

The instant case is to be distinguished from those cases
involving conditions of the premises which were open and

obvious at the time of the accident.   See *Rego* v. *Sagamore Mfg. Co.* 305 Mass. 346; *Flynn* v. *Cities Serv. Ref. Co.* 306 Mass. 302; *LeBlanc* v. *Atlantic Bldg. & Supply Co. Inc.* 323 Mass. 702; *Lookner* v. *New York, N. H. & H. R.R.* 333 Mass. 555.

Nor can the defendant's contention be sustained even if we should construe it as meaning that the plaintiff's knowledge of the stairwell was conclusive proof of her contributory negligence.   Such knowledge may be evidence of her lack of care but does not, as a matter of law, constitute contributory negligence.   See *Barton* v. *Boston,* 301 Mass. 492, 494; *Reagan* v. *Belmont,* 316 Mass. 467, 469–470; *Spencer* v. *Bartfield,* 334 Mass. 667, 668.

There was no error in the denial of the defendant's motion for a directed verdict.

*Exceptions overruled.*