*Southern District*

**RACHEL MARMEN, p/p/a**
**Plaintiff**

**v.**

**PEOPLES SUPERMARKET OF NEW BEDFORD, INC.**
**Defendant**

50

*Present*: Nash, P. J., Cox & Murphy, JJ.

Case tried to *Lee, J.* in the Third District Court of Bristol. No. 6218.

*Murphy, J.* This is an action of tort tried in three counts wherein the minor plaintiff, through her father and next friend, seeks to recover for personal injuries sustained on or about April 20, 1962.

Counsel for the plaintiff stipulated in open court that the plaintiff relied solely on count 3 of the declaration which, in substance, alleges that the defendant was negligent in failing to provide guards or warnings around a coin operated mechanical horse on the sidewalk in front of the store, and that this was a dangerous and unsafe condition which the plaintiff should have been warned about.

The defendant's answer is a general denial, an allegation of contributory negligence that said accident was caused by a person or

persons over whom the defendant had no control, and, therefore, was not legally responsible and that the plaintiff is barred from recovery because the action has not been brought within the time specified by the General Laws of Massachusetts. [G. L. c. 260].

*There was evidence that* the defendant permitted a coin operated horse to be placed in front of the store on a cement sidewalk under an overhanging roof which is connected to the supermarket at the front of the building. The parking area is between the cement walk and the store. The minor plaintiff, Rachel Marmen, who was then approximately nine and one-half years of age, went to the supermarket in the company of her mother and her younger sister. The three members of the Marmen family entered the supermarket where the mother purchased food. Subsequently, the plaintiff and her younger sister were granted permission by their mother to "go out and play". The plaintiff and her sister went out of the building on to the cement walk where the coin operated mechanical horse was located. While outside, the plaintiff met her school mate, Michelle Sowle, and Michelle's younger sister. The four children were playing in the area of the horse, and the plaintiff and Michelle got on the horse by themselves. The plaintiff was sitting on the front of the horse, and Michelle was sitting to the rear of the horse. The plaintiff did not know the length of time that

she was on the horse. The plaintiff's sister and Michelle's sister were in back of the horse trying to get on. As a result of the pushing and pulling by the younger sister of the plaintiff and by the younger sister of Michelle Sowle, the plaintiff was pushed forward over the front of the horse and fell to the ground sustaining injury to her front teeth. At no time was a coin inserted in the mechanical horse. At the time the accident occurred, the plaintiff's mother was at the check out counter inside the store paying for groceries. There was no fence or railing around the horse. The horse was approximately three to four feet high, and approximately five feet in length and that it was connected to a base which extends out about a foot on both sides. The defendant was not the owner of the horse, but that it was on the defendant's premises with the defendant's knowledge and consent.

The court made the following finding: "I find that the defendant was negligent in not having any safeguards or warnings at the place where the mechanical horse was located, and that as a result, the plaintiff, who was a business invitee along with her mother, boarded the horse with her two friends and in the jostling that resulted, fell to the ground sustaining injuries."

The defendant duly filed the following requests for rulings on which the court made the disposition noted after each:

3. The evidence warrants a finding that

there was no negligence on the part of the defendant as alleged in count three of the plaintiff's declaration. *"Denied"*

6. As a matter of law, a finding should be made for the defendant on count three of the plaintiff's declaration. *"Denied"*

7. The evidence warrants a finding that the amusement device was free from any and all defects at the time of the accident referred to in the plaintiff's declaration. *"allowed"*

The defendant claims to be aggrieved by the denial of his requests for rulings Nos. 3 and 6, and further aggrieved by the trial justice's finding,—*one,* that the plaintiff was a "business invitee", *two,* after finding that the plaintiff boarded the horse with two friends, and as a result of jostling, the plaintiff fell to the ground and sustained injuries, that the defendant was negligent in not having safeguards or warnings at the place where the mechanical horse was located.

Since we are concerned only with count three of the plaintiff's declaration, requests for rulings 3 and 6 are the only requests that need to be considered. We treat the other requests as waived.

In order for the plaintiff to recover in tort, there must be a breach of some duty.

If the plaintiff was a mere "licensee", then the defendant only owed him the duty to refrain from wilful and wanton conduct toward him. *Therriault v. Pierce,* 307 Mass.

532; *Urban v. Central RR.*, 301 Mass. 519.

■ If the plaintiff was a "business invitee", then the defendant owed her the duty of keeping the store in a reasonably safe condition. *Crone v. Jordan Marsh Co.*, 269 Mass. 289.

■ We think the plaintiff was more than a mere "licensee", and that she had the same status as the mother who was a "business invitee" without question.

■ The fact that the plaintiff had left the company of the mother to "go out and play" did not alter her status nor alter the duty owed by the storekeeper to her. The incidental invitation extended to her was not at an end when she left the store to "go out and play". *Flynn v. City Service Refining Co.*, 306 Mass. 302. The mother of the plaintiff was still on the premises, and the plaintiff was waiting for her and using or attempting to use a facility, which was on the sidewalk and provided by the store for her enjoyment, or if not provided by it, at least permitted by it to be on the premises for her enjoyment. *Greenfield v. Freedman*, 328 Mass. 272.

■ Ordinarily, a storekeeper owes the same duty to a minor accompanying an adult as it does to the adult, namely, to keep the premises in a reasonably safe condition. *Hamlett v. Dorchester Trust Co.*, 256 Mass. 544; *Grogan v. O'Keefe, Inc.*, 267 Mass. 187.

We agree with the judge's finding that the plaintiff was a "business invitee".

■ However, we do not agree with the

finding that the failure of the defendant to have safeguards or warnings around the horse was negligence. The mechanical horse in question was in open view for all to see and for all to ride. There was nothing inherently dangerous in, on or around it, and a child of nine and one-half years or even younger could mount the horse, insert a coin and ride. Further, it is common knowledge that these amusement devices are located both inside and outside large department stores and supermarkets throughout the country without safeguards or warnings of any kind, and this has been so for a good many years, and in fact, they are almost as much a part of the store as the racks and carriages used by customers to transport goods. We think it would be most unreasonable to require a store to post a guard at the location of this horse, and it would be placing an unreasonable burden on the defendant to require it to anticipate that the mechanical horse without guards or warnings was a source of danger of which the plaintiff should have been warned. *Flynn v. City Service Refining Co., cited supra; Letiecque v. Denholm and McKay Co.*, 328 Mass. 120 and cases cited.

Since the plaintiff was a "business invitee" by virtue of the protection flowing from the mother's status, the only duty owed to her by the defendant was to keep the premises in a reasonably safe condition. *Crone v. Jordan Marsh Co., cited supra.*

We think the premises were in a reason-

ably safe condition, and the horse was reasonably safe to ride. True, the riders were upset, but only by the actions of the other children in pushing and haulting on one another to get on the horse. It is manifestly obvious, therefore, that the proximate cause of the accident was the pushing and jostling by the friends of the plaintiff, who were attempting to get on the horse where two persons were already seated, and further the failure to have guards or warnings around the horse was at the most a condition and not a cause of this accident.

As was said in *Boehm v. S. S. Kresge Co.,* 336 Mass. 320, "to impose liability upon the defendant in these circumstances would be to establish an unreasonable standard of perfection rather than to enforce the recognized standard of due care". *Bessie Waugh v. The Great Atlantic and Pacific Tea Co.,* 317 Mass. 230; *Greenfield v. Freedman, cited supra.*

■ The defendant is not responsible for injuries to one customer caused by the misconduct or sporadic action of others, which the defendant could not reasonably be expected to anticipate and guard against. *Lord v. Sherer Dry Goods Store,* 205 Mass. 1. And there was no evidence of how long the children were playing around the horse prior to the accident. *Fields* v. *Oberstein,* 347 Mass. 777 where the court held the evidence insufficient to prove that supervision or lack of supervision by the defendant was the proximate cause of the plaintiff's injuries.

Under the circumstances, there was no duty to warn. *Honeywell v. Haskell,* 174 Mass. 557; *Cadogran v. Boston Consolidated Gas Co.,* 290 Mass. 499. There was nothing unsafe, nor could the defendant have reasonably anticipated the chain of events which caused the plaintiff's injury. *Letiecque v. Denholm and McKay Co., cited supra;* *O'Hanley v. Norwood,* 315 Mass. 440.

In view of the conclusion reached, it is not necessary for us to discuss the question of contributory negligence of the mother or the child.

It was prejudicial error to deny the plaintiff's requests for rulings Nos. 3 and 6. *The finding for the plaintiff should be reversed and a judgment ordered for the defendant.*

Fred M. Thomas & George M. Thomas, both of New Bedford, for the Plaintiff.

Charles R. Desmarais & William H. Carey, both of New Bedford, for the Defendant.