DANIEL CAMPBELL & another[1] *vs.* EDWARD OLENDER & another.[2] No. 88-P-532. September 20, 1989. *Contract*, Sale of real estate. *Agency*, Of spouse. *Husband and Wife*, Agency.

The plaintiffs, prospective buyers (under the name "Sterling Associates") from the Olenders of three apartment buildings in Holyoke, sued for and

---

[1] Gary R. Campbell.

[2] Irene Olender.

were awarded specific performance of the purchase and sale agreement. The judgment was not in error.

1. The Olenders' contention that Edward Olender would not have agreed to the sale if he had known that the Campbell brothers might not take ownership themselves finds some support in the evidence but is not reflected in the judge's findings. The purchase and sale agreement provided specifically that the buyer would be "Sterling Associates . . . or [its] assigns" and that title to the property could be taken "in the [buyer's] name or in the name of an entity or assign which [it] may designate." The clause in the agreement[3] that the judge found to contain two misrepresentations[4] (the judge found them to be immaterial) seems to have been intended to protect the seller from any possible claim for a broker's commission if the buyer were to take title in a name other than his own. The judge ruled correctly that the clause cannot fairly be read to restrict assignment; if anything, it confirms that the buyer might assign his rights under the agreement to another.

2. The judge's finding that Edward Olender was acting as agent for his wife, Irene, when he entered into the agreement to sell to the Campbells was not clearly erroneous. The "mere relation[ship] of husband and wife is not sufficient to show that one spouse is acting as the agent of another," *Fennell* v. *Wyzik*, 12 Mass. App. Ct. 909, 910 (1981), quoting from *Del Bianco* v. *Boston Edison Co.*, 338 Mass. 657, 659 (1959); but "the marital relation becomes an important factor in determining whether [the spouse] knew and acquiesced in what [the other spouse] was doing with reference to her property," *Gordon* v. *O'Brien*, 320 Mass. 739, 741 (1947). The testimony of Edward at trial furnished a basis for the judge's finding that Irene knew about and acquiesced in the sale of the properties as worked out by Edward. While statements of an alleged agent out of court are generally inadmissible to prove his agency, *DuBois* v. *Powdrell*, 271 Mass. 394, 397 (1930), the same is not true of his testimony in court. *Eastern Paper and Box Co.* v. *Herz Mfg. Corp.*, 323 Mass. 138, 142 (1948). See Liacos, Massachusetts Evidence 293 (5th ed.).

3. The other points argued are without merit. The failure to comply with the contract provision requiring notice seven days before closing if the deed is to run to one other than the orignally named buyer was not a breach of the contract. It would have warranted a refusal to prepare a deed running

---

[3] *"BUYER DISCLOSURE*: The Buyer herein hereby discloses that he holds a valid Massachusetts brokers license and that he is not representing the seller in the aforesaid transaction. It is further disclosed that the Buyer is acting for himself and on his own behalf and that he is taking the property in his name or in the name of an entity or assign which he may designate."

[4] Neither of the Campbells was in fact a licensed broker, and, by the time they signed the purchase and sale agreement, having failed to secure financing themselves, they were acting for another person to whom they intended to assign their right to purchase the three buildings.

to the assignee; it did not warrant a refusal to execute any deed at all. The Campbells were entirely within their rights in invoking the fifteen-day extension of time clause where, as the judge found, the Olenders were not prepared to convey a marketable title on June 1, 1984.

*Judgment affirmed.*

*Francis D. Dibble, Jr. (Toby G. Hartt* with him) for the defendants.
*Richard F. Faille* for the plaintiffs.

