Haggerty, J.
This is an action for damages arising out of an injury that the plaintiff, Mark Marón (“Marón”) sustained while working on the defendant C. Hill Condominium Association, Inc.’s (“Hill Condo”) premises. Marón asserts in his complaint that Hill Condo was negligent in that it failed to provide him with a safe work environment together with necessary tools to perform his job safely. Mrs. Marón asserts a claim for loss of consortium arising from her husband’s injuries. Hill Condo now moves for summary judgment on all counts of the plaintiffs complaint asserting that, as a matter of law, it owed no duty of care to the plaintiff to protect him from an open and obvious danger. For the reasons stated below, the defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
On June 12, 1995, the plaintiff injured his back while moving a whiskey barrel containing flowers located along a walkway leading to one of the buildings of Hill Condo. The plaintiff was employed by Meredith Management Company (“Meredith Management”). Hill Condo and Meredith Management had contracted for Meredith Management to provide for the care, management, maintenance and operation of Hill’s condominium complex. Maron’s work duties included overseeing subcontractors, general maintenance of common areas and light janitorial work at Hill Condo.
Approximately two years before the plaintiffs injury, a decision was made by the Condominium Board of Trustees, Meredith Management and a landscaper to place whiskey barrels at the end of the condominium walkways in order to prevent cars from driving up the walkways to the condominium buildings. The whiskey barrels were wooden half-barrels approximately two feet high filled with flowers, sand and dirt and weighing approximately 200 pounds. Prior to the date of Maron’s injury, it had been raining for several days which made the whiskey barrels heavier than usual, approximately 250 pounds.
Plaintiff was aware, for a period of approximately one year to eighteen months before his injury, that tenants at Hill Condo moved the whiskey barrels to allow themselves to drive up the walkways to their individual units. Marón was instructed by his supervisors from Meredith Management that one of his jobs was to replace the moved barrels back to their intended location. Marón estimated that he moved the barrels back into place on at least a weekly basis. He would move the barrels by bending over them and tilting the far edge of the barrel toward him to roll the barrel like a wheel.
Prior to his injury, Marón had made a request to Meredith Management to provide him a dolly or a two-wheeler to use to move heavy items. He had also *527 mentioned this need to two Condominium Board Members. After his injury, he pursued a workers’ compensation claim for his injuries against Meredith Management and received, as a result, a lump sum payment of approximately $24,000.00.
Plaintiff now asserts that Hill Condo had a duty to either secure the whiskey barrels in place or to provide equipment to move the barrels. The defendant denies that it owed either duty to the plaintiff.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id.
An owner or possessor of land owes a common law duty of reasonable care to all persons lawfully on the premises. Davis v. Westwood Group, 420 Mass. 739, 742-43 (1995). This duty includes an obligation to “maintain [] his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk,” Mounsey v. Ellard, 363 Mass. 693, 708 (1973), and “to warn visitors of any unreasonable dangers of which the landowner is aware or reasonably should be aware.” Davis v. Westwood Group, 420 Mass. at 743. A landlord, however, is “not obligated to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate.” Lyon v. Morphew, 424 Mass. 828, 833 (1997), quoting Toubiana v. Priestly, 402 Mass. 84, 88 (1988). Furthermore, “it is well established in our law of negligence that a landowner’s duty to protect lawful visitors against dangerous conditions on his property ordinarily does not extend to dangers that would be obvious to persons of average intelligence.” O’Sullivan v. Shaw, 431 Mass. 201, 204 (2000). See also Lyon v. Morphew, 428 Mass. 828 (1997); Davis v. Westwood Group, 420 Mass. 739 (1995); Toubiana v. Priestly, 402 Mass. 84 (1988). “Landowners are relieved of the duty to warn of open and obvious dangers on their premises because it is not reasonably foreseeable that a visitor exercising (as the law presumes) reasonable care for his own safety would suffer injury from such blatant hazards.” O’Sullivan v. Shaw, 431 Mass. at 204. See also Blackmer v. Toohil, 343 Mass. 269, 271-72 (1961); St. Rock v. Gagnon, 342 Mass. 722, 723-24 (1961).
In the present case, the plaintiff had actual knowledge that the whiskey barrels were heavy. The plaintiff, therefore, was aware of and appreciated the danger he was incurring by moving the whiskey barrels. Indicative of his knowledge of the obvious danger was the fact that he asked for, on at least two occasions, equipment with which to move the barrels. In addition, the plaintiff knew that it had been raining and therefore the barrels were heavier than usual. These undisputed facts, along with the physical manner in which the plaintiff moved the barrels, indicates that the plaintiff was not exercising reasonable care for his own safety in the face of a “blatant hazard.” Therefore, this court finds that the risk of moving the whiskey barrels, unassisted, is an open condition “obvious to persons of average intelligence,” and Hill Condo had no duty to protect against such risk.[2]
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant C. Hill Condominium Association, Inc.’s motion for summary judgment is ALLOWED.

As the plaintiffs claim'of negligence fails as a matter of law, so too does Mrs. Maron’s claim for loss of consortium.