*Municipal Court of the City of Boston*

No. T-16784

**WILLIAM H. CONLEY**

v.

**DAWSEN'S GRILLE, INC., ET AL**

Argued: Nov. 14, 1969. Decided: Nov. 18, 1969.

*Present:* Adlow, C.J., Morrissey, J., Gorrasi, Spec. J.

Case tried to *Gillen, J.,* in the Municipal Court of the City of Boston. No. T-16784.

*Adlow, J.* Action of tort to recover for injuries sustained in an accident in the basement at 128 Dartmouth Street in Boston. *There was evidence that* on September 2, 1966 the plaintiff was employed by the George Doran Company, a beer distributor, as a helper on a beer truck. On said day the plaintiff was injured while assisting the driver in making a delivery at the defendant's premises which were located at 128 Dartmouth Street in Boston.

*There was evidence that* prior to the accident the plaintiff waited on the truck while the driver obtained keys to permit entrance to a door leading from a side street to the basement. After the driver obtained the keys, he opened the side door. The driver unloaded the first keg of beer from the truck, stepping backward down the stairs leading from Harwich Street to the basement. He then rolled it along the floor to the storage room. The plaintiff followed the driver with a second keg of beer. He braced the keg against his knees to prevent it from rolling, stepping backwards and rolling the keg down the stairs one step at a time. As he reached the bottom of the stairway with the keg on the last step, he stepped backwards with his left foot ''to gain support'' and as he put his left foot down, his leg went through the basement floor at the base of the stairway.

The plaintiff's left leg went into the hole up to his groin, and the barrel rolled out of control and over his left hand and thumb. There was no covering or protection over the hole. When he was pulled out of the hole by the driver, he observed the area where he fell and noticed that the hole was ''rotted, damp and moist with particles of chipped, rotted wood''. When he was helped upstairs and spoke to the man in charge, later identified as Barnard Gouner, proprietor of Dawsen's Grille, Inc., the latter said ''I knew it, this was bound to happen''. The plaintiff returned to his place of

employment where he reported his injuries to his employer, and signed out for the day. There was evidence as to medical treatment, absence from work, and loss of wages. There was further evidence that the plaintiff had not been on these premises on any prior occasion.

The driver of the plaintiff's truck testified that he had made delivieries previously and that the basement floor was always "old, damp, moist, splintered, and chipped". He testified that on previous occasions he had observed an "old tin sheet" at the base of the stairs which tin sheet covered a hole in the basement floor. He stated that at times the tin sheet was in place and at other times it was not. He testified that it was not over the hole on the day of the accident.

The proprietor of Dawsen's Grille, Inc., Bernard Gouner, testified that there was a metal slide or skid to the side of the stairway with a metal plate at the base of the stairs which was in good condition.

At the close of the evidence the defendant requested the court to rule that the evidence required a finding for the defendant. Being aggrieved by the refusal of the court to so rule and by the further finding for the plaintiff the defendant brings this report.

There was no error. There was a duty on the defendant to use due care to keep its premises in a reasonably safe condition for use by persons visiting the premises on the business of

the defendant, or to warn such invitee of dangers not obvious to ordinary persons which were known or should have been known by the defendant. *Coates* v. *First National Stores,* 322 Mass. 563, 565. *Benjamin* v. *O'Connell,* 334 Mass. 646. *Dunn* v. *Sammet,* 335 Mass. 162.

There was ample evidence to indicate the existence of a hole in the floor at the foot of the stairway, and that a tin cover had been placed on the hole to afford a measure of protection to persons entering the area. The expedients resorted to were inadequate, and a dangerous condition was permitted to continue. In the absence of warning of the danger, the defendant was properly held liable for the consequent injuries.

*There was no error.*

*Report dismissed.*

JAMES A. BRESCIA
   of Boston for the Plaintiff.