DANA G. WETHERBEE *vs.* HELEN G. MATOWITZ. June 19, 1978. The following facts are not disputed. The plaintiff entered into a written contract with the husband of the defendant to construct a dwelling house on land owned by the defendant and her husband as tenants by the entirety. As a result of a dispute regarding the work, the plaintiff brought an action against the husband of the defendant. The defendant was not herself made a party to that action, but she did testify as a witness for the defense. No attachment of real estate was obtained. Subsequent to the bringing of the action, but before judgment was entered, the defendant's husband conveyed his interest in the property to the defendant for the sum of $1. The trial judge found for the plaintiff in the sum of $3,831.30. Prior to the issuance of an execution, the defendant's husband died and the defendant was made a party in her capacity as executrix.

The plaintiff then brought the present action in the Second District Court of Bristol against the defendant personally for work, labor, and materials furnished pursuant to the contract between the plaintiff and the defendant's late husband. The plaintiff's action was grounded on theories of unjust enrichment and quantum meruit. The defendant's answer admitted that her husband had entered into a contract with the plaintiff, but denied that she had entered into any such contract. The defendant also admitted that the plaintiff's claim against her husband had been reduced to judgment in favor of the plaintiff. The matter came on for hearing on cross motions for summary judgment: the defendant claiming that the earlier case by the plaintiff against the defendant's husband determined the issues; the plaintiff contending that the defendant was a successor in interest to her husband and in privity with him, and therefore bound by the prior judgment against him. The judge found for the plaintiff in the sum of $3,831.30, and reported the case to the Appellate Division of the District Courts, Southern District, pursuant to G. L. c. 231, § 108.

On December 6, 1977, the Appellate Division issued an opinion in which it ordered that the finding for the plaintiff be vacated and that judgment enter for the defendant. The plaintiff took his appeal directly to this court pursuant to G. L. c. 231, § 109.

We have carefully reviewed the opinion of the Appellate Division, and find no error. The facts do not warrant an inference that the defendant was in privity with her husband. The mere fact that she was a cotenant by the entirety with her husband is not sufficient of itself to warrant an inference of agency. *Gordon* v. *O'Brien*, 320 Mass. 739, 741-742 (1947). The plaintiff, having recovered a judgment on an express contract, cannot

recover on the theory of quantum meruit. Cf. *Greene* v. *Boston Safe Deposit & Trust Co.*, 255 Mass. 519, 523 (1926). There was no evidence proffered by the plaintiff which would justify recovery under a theory of unjust enrichment. *Douillette* v. *Parmenter*, 335 Mass. 305, 307 (1957).

*Order of the Appellate Division affirmed.*

*Donald J. Fleming* for the plaintiff.
*James J. D'Ambrose* for the defendant.