LUCILLE M. FENNELL & another *vs.* EDWARD WYZIK & another. July 15, 1981. This is an action in common law deceit arising out of a sale of real estate brought by the plaintiff buyers against the defendant sellers. The judge, sitting without a jury, denied the defendant Edward Wyzik's motion for a directed verdict brought at the close of the plaintiffs' case (Mass. R. Civ. P. 41[b][2], 365 Mass. 804 [1974]) and, when the defendants presented no evidence, entered judgment for the plaintiffs. Although both defendants filed appeals, defendant Geraldine Wyzik subsequently withdrew her appeal, leaving the only issue on appeal that of whether defendant Geraldine was acting as an agent for defendant Edward.

The evidence may be summarized as follows: On June 29, 1977, the plaintiffs purchased a house from the defendants, Geraldine and Edward (wife and husband). Two weeks prior to the transfer of title, plaintiff John Fennell visited the real estate for the purpose of making an inspection to determine the soundness of the house. During the course of the inspection, which was made while the Wyziks were still living in the house, he inquired of defendant Geraldine whether she had ever had any trouble with the septic tank system and whether there had been any water problem in the basement. She replied that she had not experienced either problem. During the first rain storm after the plaintiffs moved in, storm water entered the basement through the basement walls, covering most of the floor area to a depth of a few inches. The plaintiffs also experienced major problems with the septic tank system, requiring the installation of an entirely new system. The defendant Edward concedes that the statements his wife made were knowing misrepresentations with respect to the condition of the septic tank system and the basement walls. Edward's sole contention on appeal is that it was error to deny his motion for a directed verdict because he had no knowledge of the specific misrepresentations made by his wife, and his wife was not acting as his agent.

In reviewing the propriety of a judge's ruling on the motion, "we consider the evidence most favorable to the plaintiff or plaintiffs, disregarding evidence which tends to prove the contrary." *H. P. Hood & Sons* v. *Ford Motor Co.*, 370 Mass. 69, 71 (1976). Our inquiry focuses on whether there was sufficient evidence to warrant a finding for the plain-

tiffs. *DiMarzo* v. *S. & P. Realty Corp.*, 364 Mass. 510, 514 (1974). *Power Serv. Supply, Inc.* v. *E. W. Wiggins Airways, Inc.*, 9 Mass. App. Ct. 122, 124 (1980).

With this standard in mind, we review the evidence presented with respect to whether the wife was acting as her husband's agent in negotiating the sale of their home. We note at the outset that one spouse may act as an agent of the other (*Cobuzzi* v. *Parks*, 315 Mass. 199, 202 [1943]; *Tzitzon Realty Co.* v. *Mustonen*, 352 Mass. 648, 654 [1967]), but that the "mere relation[ship] of husband and wife is not sufficient to show that one spouse is acting as the agent of another." *DelBianco* v. *Boston Edison Co.*, 338 Mass. 657, 659 (1959). *Wetherbee* v. *Matowitz*, 375 Mass. 784 (1978). The existence of the agency relationship between a husband and wife, however, "need not be established by direct evidence that [the husband] appointed [his wife as his] agent to transact the business in question or that [he] admitted the agency, because it is enough to show that [she] was acting in [his] behalf and for [his] benefit with [his] consent and knowledge or that upon learning of [her] conduct [he] adopted and ratified it." *Gordon* v. *O'Brien*, 320 Mass. 739, 741 (1947). *Sztramski* v. *Spinale*, 332 Mass. 500, 503 (1955). The marital relationship becomes an important factor in determining whether defendant Edward knew what his wife was doing with reference to negotiating the sale of the house. "If [he] permitted [her] to act as [his] agent, then silence will not shield [him] from liability to those who dealt with [her] on a matter which [he] allowed [her] to transact for [him]." *Gordon* v. *O'Brien, supra* at 741-742.

The record discloses the following indicia of an agency relationship. The defendants are husband and wife and they owned the subject property jointly. Before the misrepresentations, the plaintiffs and the defendants executed a purchase and sale agreement involving the property. During the course of the discussion which led to the misrepresentation, defendant Geraldine held herself out as able to speak with authority as to the condition of the property and to negotiate the terms of sale of certain items of personal property. The listing real estate agent testified that during the course of the listing period, defendant Geraldine communicated with her husband regarding authorization and other matters. Both defendants executed the deed of the property to the plaintiffs. We think there was sufficient evidence to warrant the conclusion that defendant Geraldine was acting in her husband's behalf and for his benefit, and that, therefore, she was acting as his agent in negotiating the sale of their home. That he may not have known the details of the particular misrepresentations does not negate the relationship as to the entire transaction. *Howe* v. *Johnson*, 236 Mass. 379, 386 (1920). *Collins* v. *Croteau*, 322 Mass. 291, 292-293 (1948). The motion was properly denied as to defendant Edward.

*Judgment affirmed.*

The case was submitted on briefs.
*Edward R. Gallagher* for Edward R. Wyzik.
*Donald P. Conway* for the plaintiffs.