WALTER FOX TREE *vs.* HARTE-HANKS COMMUNICATIONS,
INC.[1] & others.[2]

Middlesex. November 3, 1986. - December 18, 1986.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Findings by judge. *Privacy.*

In an action alleging a violation of the plaintiff's right to privacy under G. L.
c. 214, § 1B, as a result of the defendants' publication of a newspaper
article, the judge's findings of fact, accepting the testimony of the author
of the article and rejecting the contrary testimony of the plaintiff, were
not clearly erroneous. [847]

On appeal from a judgment for the defendants in an action alleging invasion
of privacy in the defendants' publication of a newspaper article, this
court found it unnecessary to determine whether the right to privacy
provided by G. L. c. 214, § 1B, includes the right to be secure against
a "false light" invasion of privacy, where, based on the judge's findings
of fact, such an invasion of privacy was not established. [848]

CIVIL ACTION commenced in the Superior Court Department
on July 21, 1981.

The case was heard by *Elbert Tuttle,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Terrence J. McLarney (John L. Fitch* with him) for the
plaintiff.

*Edward J. Mahan* for the defendants.

NOLAN, J. The plaintiff, Walter Fox Tree, appeals from a
judgment for the defendants in a nonjury trial in the Superior
Court. On appeal, Fox Tree argues that the trial judge's findings
of fact were clearly erroneous and that the evidence proved

---

[1] Doing business as the Middlesex News.

[2] Marion Widger and Paula Lovejoy.

that the defendants committed an invasion of Fox Tree's privacy in violation of G. L. c. 214, § 1B (1984 ed.). We disagree with Fox Tree's contentions and affirm the judgment. Because we hold that the judge's findings were not clearly erroneous, we do not reach the plaintiff's contention that G. L. c. 214, § 1B, establishes the tort of false light invasion of privacy.[3]

The dispute arose from the publication of a 1980 Thanksgiving Day article in the Middlesex News. In the article, the defendant Marion Widger wrote that Fox Tree was bitter and passionate when he made several quoted remarks. The facts were heavily disputed, and the judge found the following. On November 14, 1980, Widger met with Fox Tree at his office and interviewed him for approximately one hour and a quarter. Fox Tree gave Widger much information, including two articles Fox Tree had written and sold to the Christian Science Monitor. Widger took notes during the interview. Near the end of the interview, Fox Tree asked Widger not to use the information he had given her and suggested that, instead, he and Widger coauthor an article. Widger said she would have to discuss Fox Tree's proposal with her supervisor. No agreement was ever made regarding coauthoring an article.

Subsequently, Widger wrote an article that was published in the Middlesex News on Thanksgiving Day, November 27, 1980. Widger's article was based on her interview with Fox Tree, interviews with two other people, and the two Christian Science Monitor articles. A third article, written by Fox Tree and submitted to the Middlesex News for publication, was never published and was not used by Widger in preparing her article. Widger's article improperly attributed two quotations to Fox Tree, but Fox Tree suffered no financial damage as a result of the publication. Although the article was less than flattering to one

---

[3] The following are examples of this species of invasion of privacy: "[P]ublicly attributing to the plaintiff some opinion or utterance, such as spurious books or articles, or the unauthorized use of his name on a petition, or as a candidate for office, or to advertise for witnesses to an accident, or the entry of an actor, without his consent, in a popularity contest of an embarrassing kind, or filing suit in the plaintiff's name without authorization" (footnotes and citations omitted). W.L. Prosser & W.P. Keeton, Torts 863-864 (5th ed. 1984).

with academic standing and caused Fox Tree considerable emotional upset, it caused him no other damage.

Fox Tree's version of the facts differed substantially from those found by the judge. Fox Tree testified that no interview ever took place. He admitted meeting with Widger, but he testified that the meeting lasted only a half hour and that the only thing discussed was whether Fox Tree would coauthor an article with Widger. Fox Tree testified that the meeting ended when he and Widger could not agree on a fee for his coauthoring an article. Fox Tree now challenges the judge's findings of fact as clearly erroneous, and argues that his version of the facts is sufficient to establish a false light invasion of privacy. We disagree.

A judge's findings of fact will not be overturned unless those findings are clearly erroneous. Mass. R. Civ. P. 52 (a), 365 Mass. 816 (1974). *First Pa. Mortgage Trust* v. *Dorchester Sav. Bank,* 395 Mass. 614, 621 (1985). In deciding whether a judge's findings of fact are clearly erroneous, "it must be emphasized that it is the trial judge who, by virtue of his firsthand view of the presentation of evidence, is in the best position to judge the weight and credibility of the evidence." *New England Canteen Serv., Inc.* v. *Ashley,* 372 Mass. 671, 675 (1977). Fox Tree argues that a review of the exhibits indicates that Widger relied solely on the two Christian Science Monitor articles in preparing her article. Fox Tree then contends that, if his version of the facts is accepted, Widger did not observe Fox Tree's emotions and her characterization of Fox Tree's attitudes constitutes a false light invasion of privacy. The judge, however, did not believe Fox Tree's account of his meeting with Widger. He found that Widger's story was based on observations which she made during an interview with Fox Tree. Widger's testimony supports the judge's finding. She testified that Fox Tree made the quoted statements to her directly and that she only used the articles for verification. The judge believed Widger's account and not Fox Tree's, and we do not find the judge's determination on the credibility of the witnesses to be plainly wrong. See *Matsushita Elec. Corp.* v. *Sonus Corp.,* 362 Mass. 246, 264-265 (1972).

Fox Tree also argues that the judge erred in disregarding Widger's notes in making his findings. Widger testified, however, that she did not rely solely on her notes in preparing the article. In giving due regard to the judge's opportunity to judge [Widger's] credibility (Mass. R. Civ. P. 52[a]), we rule that the judge's findings of fact crediting Widger's account were not clearly erroneous.

The remainder of Fox Tree's contentions also turn on whether the judge erred in believing the testimony of Widger over the conflicting testimony of Fox Tree. Fox Tree argues that the judge erred: in failing to find that the defendants used the Christian Science Monitor articles in a misleading manner; in finding that Widger did not utilize the article that Fox Tree wrote for the Middlesex News; and in finding that the defendant newspaper's right to republish Christian Science Monitor articles justified the use of Fox Tree's two Christian Science Monitor articles. Our review of the record indicates that the judge simply chose to believe Widger's testimony in making these findings. Widger testified that she used the Christian Science Monitor articles to verify the accuracy of her story and did not use the article submitted by Fox Tree to the Middlesex News. Widger also testified that the Middlesex News was free to republish material which initially appeared in the Christian Science Monitor. The judge credited this testimony in his findings of fact and, given the judge's opportunity to view the demeanor of the witness, we conclude that his findings were not clearly erroneous.

Since we hold that no error was committed by the judge, we need not reach the issue whether a false light invasion of privacy has been committed. Fox Tree concedes in both his brief and at oral argument that, if Widger's testimony is taken as true, there is no invasion of privacy because the challenged statements would have been opinions based on Widger's actual observations of Fox Tree. The statements characterizing Fox Tree's emotions, if based on an actual interview, do not constitute a false light invasion of privacy even in jurisdictions which have adopted that tort. W.L. Prosser & W.P. Keeton, Torts § 117, at 865 (1984). Restatement (Second) of Torts

§ 652E and comment c (1977). Thus, we leave for another day the determination whether Massachusetts will adopt the tort of false light invasion of privacy.

*Judgment affirmed.*