ELIZABETH M. ROUSSEAU vs. ELIZABETH M. GELINAS.

Hampden. January 26, 1987. — May 6, 1987.

Present: GREANEY, C.J., BROWN, & SMITH, JJ.

*Fraud. Agency,* What constitutes. *Husband and Wife,* Spouse as agent. *Consumer Protection Act,* Availability of remedy, Sale of real estate, Vicarious liability. *Real Property,* Sale.

At the trial of an action for deceit and for violation of G. L. c. 93A, the Consumer Protection Act, arising from the sale of a parcel of undeveloped land, the judge was not plainly wrong in finding that the plaintiff did not know of certain zoning restrictions on the parcel at the time she purchased it from the defendants. [157]

At the trial of an action for deceit and for violation of G. L. c. 93A, the Consumer Protection Act, the judge was warranted in concluding that a husband, himself a licensed real estate broker, acted as agent for his wife in negotiating the sale of a parcel of land which they owned as tenants by the entirety. [157-158]

At the trial of a claim under § 2 of G. L. c. 93A, the Consumer Protection Act, arising from the sale of one of several parcels of land jointly owned by a husband and wife, the judge was warranted in concluding that the husband, a licensed real estate broker, was engaged in trade or commerce in the sale of the parcel and that consequently his wife, for whom he had acted as agent, was vicariously liable for the husband's unfair acts or practices in negotiating the sale. [158-159]

CIVIL ACTION commenced in the Hampden County Division of the Housing Court Department on March 19, 1982.

The case was heard by *Edward C. Peck, Jr.,* J.

*John F. Stocks* for the defendant.

*Bradford B. Moir* for the plaintiff.

BROWN, J. The plaintiff buyer prevailed in an action brought against Philip and Elizabeth Gelinas, sellers, for deceit and violation of G. L. c. 93A arising out of a sale of real estate. The judge, after trial without a jury, ordered rescission of the deed, repayment of the purchase price, payment of double interest and attorney's fees, and reimbursement of the real

estate taxes paid by the plaintiff. Elizabeth Gelinas, the only defendant here,[1] appeals from the ensuing judgment. We af- firm.

The evidence before the court was as follows. Philip and Elizabeth Gelinas were husband and wife at the time of the relevant transactions. They are now divorced. On October 2, 1979, they entered into a purchase and sale agreement with the plaintiff by which the plaintiff was to purchase from them approximately twenty acres of land in the town of Monson. On December 29, 1979, by warranty deed, the property was conveyed to the plaintiff for $11,500.00. The plaintiff and her husband signed a promissory note for $2,000.00. That note was to be forgiven if certain road repairs were completed by the plaintiff by June 1,1980.[2] No repairs were made.[3]

Since July, 1974, the subject land had been a source of controversy between the Gelinases and the town of Monson. In July, 1974, a building permit was denied for a lack of required frontage on a way. After the town zoning board of appeals affirmed that denial on July 24, 1974, the case was appealed to the Hampden County Housing Court. A decree was entered on January 23, 1975, directing the issuance of a building permit on the ground that the road in question was in existence prior to the effective dates of the town subdivision regulations and zoning by-law.

Thereafter, on February 24, 1975, the town voted to discon- tinue the road on which the property had frontage. The Gelinases, with others, brought another court action seeking damages occasioned by the discontinuance of the road. A set- tlement, paying $15,000 to the Gelinases, was reached.

On September 12, 1979, a letter was sent to the Gelinases' attorney from the town counsel advising him that neither a

---

[1] Philip Gelinas, the defendant's former husband, did not appear or defend the action. He remains outside of the Commonwealth and his address is unknown.

[2] The $2,000.00 figure, an estimate of the cost of road repairs, was an element in the price negotiations.

[3] The judge ordered that the note be declared null and void and surrendered for cancellation.

building nor a zoning permit could be issued for the land and that Philip Gelinas would be liable for rescission if the property were to be sold as a building lot.

Philip Gelinas was a real estate broker. In the fall of 1979, the plaintiff made contact with Philip in response to an advertisement concerning the sale of the property. At that time, the plaintiff communicated to Philip that she was seeking a parcel of land for the purpose of building a personal residence for herself. Philip and the plaintiff jointly made a visit to the property. Philip told the plaintiff that one house could be built on the property. This is the alleged misrepresentation. He also indicated the area where he had sunk an artesian well in anticipation of building a house. During the visit to the site and throughout the ensuing negotiations, Philip never informed the plaintiff of any of the prior proceedings, e.g., the litigation and settlement payment, regarding the property. At this visit, the plaintiff observed that the area was overgrown and that there was no apparent means of access to the property. The approach which Philip referred to as "Warriner" Road was impassable.

The defendant was a bookkeeper. Her contacts with the plaintiff were minimal, limited primarily to relaying telephone requests for her husband, Philip. With Philip, the defendant owned a six-unit apartment building and also their actual residence. Subsequent to the transaction with the plaintiff, she and Philip bought an additional fifty acres in Monson. All these real estate matters and transactions were handled by Philip.

In April, 1981, the zoning enforcement officer of Monson refused the plaintiff's request for a building permit on the grounds that the town had voted that the road be discontinued and that there was no street, public or private, upon which frontage existed. Faced with the problem of having bought unbuildable property for the purpose of building a home, the plaintiff sent a c. 93A demand letter. This action ensued.

The defendant appears to argue that the buyer has not been damaged, as the plaintiff has in fact received the benefit of the bargain, i.e., property consistent with the agreement. She also challenges the judge's finding that the plaintiff was un-

aware of the zoning restrictions and problems associated with the property.

Whether the sellers have complied with the terms of the agreement is not a relevant issue. Rather, the question is whether the sellers' alleged misrepresentation that one house could be built on the property was intended to induce the buyer into making the contract. If so, such conduct would be actionable under a theory of deceit. See *Kannavos* v. *Annino,* 356 Mass. 42 (1969); *Snyder* v. *Sperry & Hutchinson Co.,* 368 Mass. 433, 445 (1975). Contrast *Swinton* v. *Whitinsville Sav. Bank,* 311 Mass. 677, 678-679 (1942).

1. The trial judge's finding that the plaintiff did not know about the zoning restrictions will not be set aside unless clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). See *Fox Tree* v. *Harte-Hanks Communications, Inc.,* 398 Mass. 845, 847 (1986). Due weight is given to the findings of the trial judge who has heard the testimony and had an opportunity to weigh the credibility of the witnesses. See *Simon* v. *Weymouth Agricultural & Indus. Soc.,* 389 Mass. 146, 148 (1983). The finding in question here, based primarily upon the parties' testimony, is warranted by the evidence. See *First Pa. Mortgage Trust* v. *Dorchester Sav. Bank,* 395 Mass. 614, 621-622 (1985).

2. The defendant also claims that she is not liable for her husband's misrepresentation because he was not acting as her agent. The judge determined that Philip was acting as his wife's agent in negotiating the sale of the property. There was no error. The judge properly could have found that Philip was acting on her behalf, for her benefit, and with her consent. See *Fennell* v. *Wyzik,* 12 Mass. App. Ct. 909, 910 (1981), and cases cited therein. Several of the factors in the *Fennell* case held to be relevant in determining an agency relationship between a husband and wife in the sale of real estate are present in the instant case. The marital relationship, although not dispositive, supports a finding that the defendant knew what her husband was doing regarding the negotiation of the sale of the property. *Id.*

Philip and the defendant, as husband and wife, owned the property as tenants by the entirety. During the negotiations, Philip held himself out as having authority to speak about the condition of the property and to negotiate the terms of the purchase and sale agreement. Both Philip and the defendant executed the deed. The defendant's lack of knowledge of the details of the misrepresentation and her silence are not enough to negate the agency relationship and do not, as matter of law, insulate her from liability.

3. We next consider the judge's conclusion that Philip was engaged in trade or commerce within the meaning of G. L. c. 93A, § 2, and that the defendant was similarly bound by the practices of her husband-agent. The term "persons engaged in the conduct of any trade or commerce" was intended to refer specifically to individuals acting in a "business context" (*Lantner* v. *Carson,* 374 Mass. 606, 611 [1978]), and this is adjudged according to the facts of each case. *Begelfer* v. *Najarian,* 381 Mass. 177, 190-191 (1980). The determination of the presence of a "business context" depends upon such relevant factors as "the nature of the transaction, the character of the parties involved, the activities in which the parties participated, and whether the transaction is motivated by business or personal reasons." *Nei* v. *Burley,* 388 Mass. 307, 317 (1983). See *Begelfer* v. *Najarian,* 381 Mass. at 191.

Sellers who convey their residence as private individuals on a nonprofessional basis are not subject to c. 93A. *Lantner* v. *Carson,* 374 Mass. at 610. See *Billings* v. *Wilson,* 397 Mass. 614 (1986). In the recent case of *Nei* v. *Burley,* 388 Mass. at 317-318, sellers of real estate who played a minor role in the sale of lots, whose occupations were unrelated to real estate, and who devoted a negligible part of their time to the property were deemed to be outside the scope of c. 93A.

Philip properly may be subject to G. L. c. 93A. He owned jointly with his wife several other properties besides their private home. In contrast to the sellers in *Nei,* Philip was actively involved in every stage of the real estate transaction. By trade a real estate broker, he previously had engaged in various real estate transactions. See *Belgelfer* v. *Najarian,* 381 Mass. at

191. The motivation for the present transaction, the development of land, appears to have been part of a larger real estate business concern.

The defendant, on the other hand, might not be independently subject to c. 93A, as she was employed as a full-time bookkeeper and played a passive and seemingly insignificant role in this transaction. See *Nei* v. *Burley,* 388 Mass. at 317-318. On the facts of this case, however, she is bound by the acts of the co-owner, her former husband, and is thus vicariously liable under c. 93A. See and compare *Glickman* v. *Brown,* 21 Mass. App. Ct. 229, 235 (1985). Cf. *Wang Laboratories, Inc.* v. *Business Incentives, Inc.,* 398 Mass. 854, 859-860 (1986). See also Restatement (Second) of Agency § 257 & § 258 comment a, illustrations 1-4 (1958); *Blanchette* v. *Cataldo,* 734 F.2d 869, 874-875 (1st Cir. 1984).

*Judgment affirmed.*