DOROTHY L. CONNOLLY *vs.* OWEN F. CONNOLLY. June 3, 1987. *Probate Court,* Findings by judge.

In January, 1985, the marriage of Owen and Dorothy Connolly was dissolved by the entry of a judgment of divorce nisi. The judgment was accompanied by an award of alimony to the wife and a property division. The wife appealed the judgment to the Appeals Court, which summarily remanded the case to the Probate Court to reconsider the settlement. *Connolly v. Connolly ,* 22 Mass. App. Ct. 1110 (1986). We granted the defendant's application for further appellate review.

The gravamen of the wife's appeal is that the financial settlement is inequitable because the judge's factual findings are inaccurate. The wife claims, for example, that the judge miscalculated the husband's annual income, overassessed the value of their house, distorted the contributions of each spouse to the marriage, and was misinformed about the source of money in her savings account. The wife's arguments must be rejected because she has not satisfied her evidentiary burden and, as such, these

claims are nothing more than mere allegations.

The judge, as required, held a hearing at which both parties presented evidence pertaining to the potential alimony award and property division. The judge's reported findings tracked the criteria set forth in G. L. c. 208, § 34 (1984 ed.). In the absence of a transcript, as here, we assume that those findings are adequately supported. *Doten* v. *Doten*, 395 Mass. 135, 141 (1985). We shall not reverse a judge's factual findings unless they are clearly erroneous. *Fox Tree* v. *Harte-Hanks Communications, Inc.*, 398 Mass. 845, 847 (1986). In order to review factual findings, we must have a record of all the evidence which was before the judge. The wife here has the burden of producing that evidence either by providing a transcript of that hearing, Mass. R. A. P. 8 (b), as amended through 388 Mass. 1106 (1983), or a statement of the evidence pursuant to Mass. R. A. P. 8 (c), as appearing in 378 Mass. 924 (1979). She has not complied with either of these rules. Therefore we are unable to assess whether the judge's findings of fact are clearly erroneous. The judgment of the Probate and Family Court Department is affirmed.

*So ordered.*

*Bernard Glazier* for the plaintiff.
*Michael D. Parker* (*Michael J. O'Connor, III*, with him) for the defendant.