Gants, J.
The plaintiff, Douglas White, doing business as D.L. White Builders (“White”), is a general contractor who claims that the defendant, Holly Hench (“Hench”), owes him more than $230,000 for work he performed in the renovation of her home at 50 Sarah Way in Concord, Massachusetts. The last of the seven claims brought by White against Hench alleges that Hench engaged in unfair and deceptive acts in trade or commerce, in violation of G.L.c. 93A, §11. Hench has moved to dismiss this Chapter 93A claim on the ground that she is not engaged in the conduct of any trade or commerce as defined under Chapter 93A, and therefore falls outside the scope of the statute. Since both parties have submitted affidavits in support of *227 their position, this Court must treat this motion to dismiss as a motion for summary judgment. After hearing and for the reasons stated below, Hench’s motion for summary judgment as to Count Seven, alleging a violation of G.L.c. 93A, is ALLOWED.
Viewing the facts in the light most favorable to White, as I must in considering a motion for summary judgment, Hench was issued a license as a real estate salesperson in July 1983, but that license is presently inactive. There is no evidence that Hench has been employed in real estate since the birth of her daughter in 1992. Since the birth of her daughter, however, she has been involved in the renovation of four homes owned either solely or jointly by her:
1. Her former home in Hyannis, which was renovated in 1994 to add a study for her then-husband. This house was sold when Hench and her husband moved to Concord. There is no evidence of any dispute with the contractor regarding those renovations.
2. Her former home in Concord at 427 Silver Hill Road, which she owned jointly with her then-husband and sold as a result of her divorce. In October 2000, a complaint was filed in this Court by the contractor who performed those renovations, S.D. Fitzgerald, Inc., alleging that Hench failed to pay it for its work.
3. Her former home in Osterville, which was renovated to turn an attic into a bedroom for her daughter. This vacation home was also sold as a result of her divorce. There is no evidence of any dispute with the contractor regarding those renovations.
4. Her present home at 50 Sarah Way in Concord, which is the subject of the instant litigation.
Hench’s alleged unfair and deceptive acts are unlawful under G.L.c. 93A, §2 only if those acts occurred “in the conduct of any trade or commerce.” G.L.c. 93A, §2. Hench’s alleged acts of deception towards White, therefore, are actionable under G.L.c. 93A only if those acts were "perpetrated in a business context.” Lantner v. Carson, 374 Mass. 606, 611 (1978). In Lantner, the Supreme Judicial Court found that the sale of one’s private residence by an “individual, nonprofessional seller” is not in “trade or commerce” and therefore falls outside the purview of Chapter 93A. Id. at 612. If the sale of a private residence by an “individual, nonprofessional seller” is not in “trade or commerce,” the renovation of a private residence by an individual homeowner must also not be in “trade or commerce.” Indeed, if it were, and if the Chapter 93A remedies of multiple damages and the payment of attorneys fees were available to a contractor in a fee dispute with a private homeowner who was building a new home or renovating an existing home, the “balance of power” in such disputes would significantly shift in favor of the contractor. In the absence of controlling appellate precedent or clearer statutory language, this Court is reluctant to so markedly shift that balance of power.
Certainly, if there were evidence that Hench was engaged in the business of selling homes, renovating them, and re-selling them for a profit, the outcome of this motion would be different. See Rousseau v. Gelinas, 24 Mass.App.Ct. 154, 158 (1987). Here, the evidence is simply that Hench, having sold a number of earlier homes as a result of moving to Concord from Cape Cod and later obtaining a divorce, is presently engaged in the renovation of the home where she currently resides with her family. Regardless of how business-like and savvy she may be in her dealings with the general contractor as a result of her prior experience, she cannot fairly be said to be engaged in these home renovations in the conduct of a business.
ORDER
For the reasons stated above, Hench’s motion for summary judgment as to Count Seven, alleging a violation of G.L.c. 93A, is ALLOWED, and Count Seven is hereby dismissed.[1]

 Since this motion was brought before discovery has been conducted, this Court shall order that the dismissal of Count Seven be without prejudice. In the unlikely event that White develops evidence during discovery that the renovations on Hench’s home were indeed conducted by her as part of a real estate development business, White is not barred from moving to amend the complaint to restore his Chapter 93A claim.