The defendant appeals from an order of the Boston Municipal Court, entered on June 28, 2017, extending until June 27, 2018, a harassment prevention order previously issued against her. Passing the question whether the appeal is moot,[2] we conclude that the defendant has established no error of fact or law warranting relief. We accordingly affirm the order.
As a threshold matter, we observe that the defendant has not furnished a transcript of the hearing held on the June 28, 2017, extension order. Without a transcript, we are without any basis to evaluate the evidence upon which the hearing judge rested his ruling, and the defendant similarly cannot establish that the ruling was without sufficient basis. See Connolly v. Connolly, 400 Mass. 1002, 1003 (1987).
In any event, we observe that the defendant's arguments in this appeal appear to be directed principally not to the propriety of the extension order, but instead to her contention that the original harassment prevention order, entered on June 20, 2016, was infirm.[3] As we have observed, see note 1, supra, a request for extension of an abuse or harassment prevention order does not raise any question of the adequacy of the basis for the original order, and an appeal from an extension order accordingly does not bring any such question before us.
We further observe that the defendant's challenges would fare no better even if the underlying order were before us. The defendant's challenges to that order rest principally on her contention that the hearing judge relied on testimony by the plaintiff that was false, and failed to credit her contrasting exculpatory version of events. But the assessment of the credibility of witnesses is "quintessentially" within the province of the hearing judge, in her role as finder of fact. Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995).
The order of the Boston Municipal Court entered on June 28, 2017, is affirmed.
So ordered.
Affirmed.

The order has now expired without further extension, and the present appeal brings before us only the propriety of the extension of the original order and not the evidence underlying the original order itself. See Iamele v. Asselin, 444 Mass. 734, 740 (2005).

The docket of the trial court reflects that the defendant timely filed a notice of appeal from the June 20, 2016, order. However, she failed to enter that appeal on our docket following notice of assembly of the record.