NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1463

TODD MAIN

vs.

JOHANNA MAIN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The appellant, Johanna Main (wife) appeals from multiple Probate and Family Court judgments finding her guilty of civil contempt, and Todd Main (husband) not guilty of civil contempt. The wife claims that these findings and the sanctions ordered were error, that the judge wrongly quashed several subpoenas served by the wife, and that the wife's due process rights were violated by her removal from the hearing. We affirm.

Background. A judgment of divorce nisi was ordered by a Probate and Family Court judge on January 20, 2020, nunc pro tunc to October 10, 2019. Pertinent here, the judgment awarded custody of the divorced couple's four minor children to the husband, mandated payment of child support from the wife to the

husband, and mandated payment of alimony from the husband to the wife.

The husband was required to maintain health insurance for the wife and children "for so long as it is provided as a benefit of his employment," with the wife responsible for paying any extra costs incurred to keep her covered. The husband was obligated to provide the wife with thirty-days' notice of any such extra cost, and he was permitted to cancel the wife's coverage if she "fail[ed] to make timely payment" to the husband for three months. The husband was solely responsible for uninsured medical expenses for the children.

The judgment of divorce also allocated four of the couple's real properties to the wife (wife's properties). For each property, the wife was given a deadline to refinance the mortgage to remove the husband (and a limited liability company) from any obligation thereon, and she was required to pay all future expenses.

Additionally, prior to the judgment of divorce, a judge had ordered that the husband was not permitted to release psychiatric evaluations of the wife to the children's therapist.

The husband filed a complaint for civil contempt against the wife on May 1, 2020 (2020 complaint), alleging, inter alia, that the wife had failed to refinance the wife's properties and

failed to fully pay child support, both as ordered in the judgment of divorce.  The wife filed a complaint for civil contempt against the husband on January 25, 2021 (2021 complaint), alleging that he had unlawfully canceled her health insurance coverage.

The wife filed another complaint for civil contempt against the husband on April 27, 2022 (2022 complaint), alleging that he had failed to fully pay alimony, failed to pay uninsured medical expenses for the children, failed to pay expenses related to several of the wife's properties, and had distributed the wife's psychiatric report to the Department of Children and Families (DCF) and other third parties in violation of a court order.  In connection with this complaint, the wife served subpoenas on five banks and one health insurer; the husband twice moved to quash.

The judge held an evidentiary hearing on all three contempt complaints on December 20, 2022.  During the hearing, the wife was persistently disruptive, was warned on multiple occasions by the judge that her behavior could result in removal from the proceedings, and in the last minutes of the proceedings was removed from the courtroom.  After the hearing, the judge dismissed the wife's 2021 complaint against the husband.  On the 2022 complaint, the judge found the husband guilty of contempt

3

for failure to pay alimony, ordering payment of arrears, and found him not guilty of all other allegations. The judge found the wife guilty of contempt on the 2020 complaint for failure to refinance the wife's properties and for failure to pay child support. Pursuant to that judgment, the judge ordered the wife to refinance the properties by April 17, 2023; that a special master would be appointed at the wife's sole expense if that deadline was not met; and that the wife repay the husband for post-divorce payments he had made to the mortgages of the wife's properties. The judge granted both motions to quash the wife's subpoenas.

Discussion. A finding of civil contempt requires "clear and convincing evidence of disobedience of a clear and unequivocal command." In re Birchall, 454 Mass. 837, 853 (2009). "We review the judge's ultimate finding of contempt for abuse of discretion, but we review underlying conclusions of law de novo and underlying findings of fact for clear error" (citation omitted). Commercial Wharf E. Condominium Ass'n v. Boston Boat Basin, LLC, 93 Mass. App. Ct. 523, 532 (2018). Likewise, the "formulation of [remedies] is within the judge's discretion." Eldim, Inc. v. Mullen, 47 Mass. App. Ct. 125, 129 (1999).

4

1.  Contempt complaints against husband.  The wife claims that the judge abused her discretion in finding the husband not guilty of several claims alleged in her contempt complaints.  We are unpersuaded.

There was no abuse of discretion in finding the husband not guilty of contempt for distributing the wife's psychiatric report to DCF and other third parties.  Civil contempt constitutes "disobedience of a clear and unequivocal command" (citation omitted).  Birchall, 454 Mass. at 852.  Although the husband had previously been ordered not to release the report "to the children's therapist," the wife alleged distribution "to DCF and other third parties," not to the children's therapist. The judge properly found the husband not in contempt.

Additionally, we cannot find that the judge abused her discretion in finding the husband not guilty of contempt on the claim of nonpayment of property expenses and uninsured medical expenses.  Neither the transcript nor the record appendix indicates the documents relevant to these claims were brought before the judge.[1]  As the appellant, it is the wife's burden to

---

[1] Although the record appendix filed by the wife in this case labels purportedly supporting documents as "presented/available to court 12/20/22," there is no evidence that they were ever filed in the lower court or presented to the judge in this case, and no reference to them is apparent in the transcript.

provide "a record of all the evidence which was before the judge." Connolly v. Connolly, 400 Mass. 1002, 1003 (1987); Mass. R. A. P. 8, as appearing in 481 Mass. 1611 (2019). Presuming as we must that this evidence was not before the judge, we cannot find that her ruling was an abuse of discretion. See Connolly, supra.

We also find no abuse of discretion in the judge's dismissal of the contempt complaint stemming from the cancellation of the wife's health insurance. The judgment of divorce required the husband to maintain health insurance for the wife so long as it was provided as a benefit of his employment and unless she failed to make timely payment to the husband for additional costs incurred by keeping her on the husband's plan. During the hearing and uncontested by the wife, the judge found that the husband had provided at least thirty-days' notice of the expenses as required but the wife did not make payments for approximately ten months. The judge therefore found that the termination was justified and appropriately dismissed the complaint.[2]

---

[2] As the judge found that the wife did not make the required payments and that the husband had provided the required notice, findings the wife does not challenge here, the wife's subpoena to the health insurer was properly quashed as irrelevant. See Hull Mun. Lighting Plant v. Massachusetts Mun. Wholesale Elec. Co., 414 Mass. 609, 616 (1993).

2. Complaint for contempt against wife. The wife also challenges the judgment finding her guilty of contempt and several of the subsidiary orders. We discern no abuse of discretion.

The judge acted within her discretion in appointing a special master to sell the wife's properties in the event the wife did not meet the imposed deadline to refinance. The wife claims that she was unable to refinance the properties. Providing an extended deadline before appointment of a special master was not "outside the range of reasonable alternatives" available to the judge and so was not an abuse of discretion. L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). Furthermore, assigning costs of the special master to the wife was a permissible contempt sanction. See Judge Rotenburg Educ. Ctr. v. Commissioner of the Dep't of Mental Retardation, 424 Mass. 430, 461 (1997), quoting United Factory Outlet, Inc. v. Jay's Stores, Inc., 361 Mass. 35, 36 (1972) ("contempt sanctions are an appropriate mechanism by which 'the power of the court [can] secure to the aggrieved party the benefit of the decree'").

Additionally, the judge did not abuse her discretion in calculating the amount of child support the wife owed the husband. The wife acknowledged that she owed child support.

7

While she initially disputed only the amount, she waived that dispute in open court. And although she claims the judge erred by not incorporating into the ordered payment an unquantified credit due to one child living with her for the year prior to the hearing, the judgment of divorce awarded custody of all children to the husband and mandated that the wife make weekly child support payments to the husband. The judge did not make "a clear error of judgment in weighing the factors relevant" to deciding the amount owed and thus did not abuse her discretion (citation omitted). L.L., 470 Mass. at 184 n.27.

Also, the judge acted within her discretion in ordering the wife to repay the husband for post-divorce mortgage payments on properties awarded to the wife in the judgment of divorce. See Labor Relations Comm'n v. Salem Teachers Union, Local 1258, MFT, AFT, AFL-CIO, 46 Mass. App. Ct. 431, 435 (1999) ("sanctions in civil contempt proceedings may be employed . . . to compensate the complainant for losses sustained" [quotation and citation omitted]). The husband presented documentation that he made these payments. The judge correctly found that the judgment of divorce placed responsibility for the payments on the wife, and noted that the wife had presented no proof that she had made any

of the payments herself.  These findings are not clearly erroneous, and therefore no abuse of discretion is discernible.[3]

3.  <u>Procedural due process</u>.  Lastly, the wife asserts that her forced removal from the courtroom violated her rights to due process.  We disagree.

"Trial judges have the inherent power to deal with contumacious conduct in the court room in order to preserve the dignity, order, and decorum of the proceedings."  <u>Sussman</u> v. <u>Commonwealth</u>, 374 Mass. 692, 695 (1978).  Due process rights extend to a contempt hearing and require that a defendant "have a reasonable opportunity to meet [the charges] by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation."  <u>Sodones</u> v. <u>Sodones</u>, 366 Mass 121, 127 (1974), quoting <u>In re Oliver</u>, 333 U.S. 257, 275 (1948).  However, a judge must be able to control "[her] own proceedings [and] the conduct of participants . . . for a court to function effectively and do its job of administering

---

[3] As the judge commented at the hearing, where the subpoenas were intended to determine whether the husband had actually made the mortgage payments at issue, a less oppressive approach would have been for the wife "to get a printout of the mortgage payments and unless she paid them, he paid them."  There was no abuse of discretion in quashing the unduly oppressive subpoenas to the banking institutions.  See <u>Hull Mun. Lighting Plant</u>, 414 Mass. at 616.

9

justice." Chief Admin. Justice of Trial Court v. Labor Relations Comm'n, 404 Mass 53, 57 (1989).

The wife's conduct during the hearing was highly disruptive. She received multiple admonishments about her behavior, was expressly warned that continued disruption would result in her removal, and ultimately was removed. The wife was afforded her right to a "reasonable opportunity" to confront the claims levied against her and offer her own explanation, and the judge properly controlled the proceedings by having the wife removed during the last minutes of the hearing while permitting her counsel to continue advocating on her behalf.[4]

Judgments affirmed.

By the Court (Ditkoff, D'Angelo & Wood, JJ.[5]),

Clerk

Entered: November 26, 2025.

---

[4] To the extent that the wife's reply brief raises new issues, we do not consider those issues. See Mass. R. A. P 16 (c), as appearing in 481 Mass. 1628 (2019).

[5] The panelists are listed in order of seniority.

10