NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-479

SCOTT WINICK & another[1]

vs.

BRITTANY BISHOP.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The petitioners, Scott Winick and Linda Winick (grandparents), appeal from a decree of the Probate and Family Court dismissing their petition for grandparent visitation.  We affirm.

Background.  On November 13, 2019, the grandparents filed a petition for grandparent visitation naming as respondents their son, Benjamin Winick (father), and Brittany Bishop (mother), who are the parents of the child at issue, who was then fourteen months old.  The petition asserted that there was a significant

---

[1] Linda Winick.

relationship between the grandparents and the child, and that grandparent visitation was in the child's best interest.

Two weeks later, the father, the mother, and the grandparents entered a stipulation concerning grandparent visitation. A judge of the Probate and Family Court issued temporary orders incorporating the stipulation and providing the grandparents with visitation on alternate Sundays, coinciding with the father's parenting time, as well as one-hour video conferences weekly.

On January 20, 2021, the judge held a one-day trial.[2] While the case was under advisement, the father died on February 9, 2021. Several months later, the mother filed a motion to amend the temporary orders concerning grandparent visitation. The judge ordered grandparent visitation to continue on the same schedule as previously ordered, but imposed certain conditions on visits. The judge also "reopen[ed] the evidence to permit both parties to introduce evidence since the date of trial."

A second day of trial was held on March 17, 2022. The judge issued a judgment and decree dismissing the grandparents' petition for grandparent visitation. The grandparents appeal.

---

[2] The trial judge was not the same judge who entered the order incorporating the stipulation.

Discussion. The mother argues that because the grandparents have failed to provide this court with a transcript of the first day of trial, we cannot conduct a meaningful review of the judge's findings. We agree.

Based on the evidence adduced on the first day of trial, January 20, 2021, the judge made specific and detailed findings of fact. For example, the judge credited the mother's testimony that she was the child's primary caregiver. The judge did not credit the grandparents' testimony that the child exhibited signs of trauma on arrival at their home in June 2019. The judge credited the testimony of a mental health professional who provided early intervention services beginning in March 2020 that the mother engaged the child in age-appropriate therapies and that the child's developmental improvements are to be attributed to the mother. The judge also credited the mother's testimony about her sobriety.

Applying G. L. c. 119, § 39D, and the case law to her findings of fact, the judge noted that the mother's decisions concerning grandparent visitation are to "be given presumptive validity." Blixt v. Blixt, 437 Mass. 649, 658 (2002), cert. denied, 537 U.S. 1189 (2003), citing Troxel v. Granville, 530 U.S. 57, 69 (2000). The judge concluded that the grandparents had not met their burden to overcome that presumption by proving

3

by a preponderance of the evidence that they have a "significant preexisting relationship" with the child, and that "the failure to grant visitation will cause the child significant harm by adversely affecting the child's health, safety, or welfare." Blixt, supra. The judge found that the child had stayed with the grandparents for a total of about four months in 2019, and had periodic visits since, but those contacts did not create a significant preexisting relationship with the child such that grandparent visitation would be ordered without the mother's consent. See Frazier v. Frazier, 96 Mass. App. Ct. 775, 778-779 (2019) (grandparent relationship consisting of "shared meals, visits, vacations, and holidays" was "apparently nurturing and enriching," but not one which if disrupted would cause significant harm). The judge noted that nothing prevents the parties from agreeing to grandparent visitation "as Mother deems in [the child's] best interest."

As appellants, the grandparents had the duty to provide this court with "the transcript of all proceedings relevant to the appeal." Mass. R. A. P. 8 (b) (1) (A), as appearing in 481 Mass. 1611 (2019). After trial, the grandparents filed a motion in the Probate and Family Court, assented to by the mother, to obtain the transcripts of both trial dates. In the motion the grandparents asserted that "[f]ailure to obtain the transcripts

4

of the trial proceedings will prevent the Court of Appeals from conducting a meaningful review of the issues raised upon appeal."

Even so, the grandparents have not provided this court with the transcript of the January 20, 2021 trial proceedings. Instead, the grandparents assert in their brief, without reference to any source, that "[u]nfortunately, the Lower Court was unable to locate and has no record of any audio for the first day of trial that occurred via Zoom. As a result, the [grandparents] submit[] only the transcript from the second day of trial." Those unsupported assertions are insufficient to relieve the grandparents of their duty as appellants to provide this court with a complete trial transcript. See Neuwirth v. Neuwirth, 85 Mass. App. Ct. 248, 257-258 (2014) (appellant's affidavits did not establish excusable neglect in failing to obtain transcript, where they claimed misunderstanding based on conversations with named employee of register's office of Probate and Family Court, but did not allege what employee said or that it was inaccurate). Cf. Caccia v. Caccia, 40 Mass. App. Ct. 376, 378 (1996) (after judge dismissed appeal for failure to order transcript, appellant made showing that in fact she had done so and had made "written inquiry to the register of probate as to whether she need[ed] to do anything further").

The grandparents did not move to reconstruct the record of the January 20, 2021 trial proceedings, as they were required to do.  See Mass. R. A. P. 8 (c), as appearing in 481 Mass. 1611 (2019) ("If . . . a transcript is unavailable, the appellant shall file a motion to reconstruct the record . . .").  Had the grandparents done so, the judge could have reconstructed the missing transcript from other sources, including the recollections of counsel and her own notes.[3]  See Zabin v. Picciotto, 73 Mass. App. Ct. 141, 172 (2008).

Contradicting his assertion in the Probate and Family Court that "[f]ailure to obtain" the transcript of the January 20, 2021 trial proceedings "will prevent the [Appeals] Court . . . from conducting a meaningful review of the issues raised upon appeal," at oral argument counsel for the grandparents claimed that transcript is unnecessary for us to decide the appeal.  We disagree.  "In order to review factual findings, we must have a record of all the evidence which was before the judge." Connolly v. Connolly, 400 Mass. 1002, 1003 (1987).  "We cannot determine that a finding of fact was clearly erroneous under these circumstances."  Matter of the Valerie R. Pecce

---

[3] From the specificity of the judge's findings of fact, which were dated March 14, 2024, it appears entirely possible that when the judge prepared them she had access to the audio recording of the January 20, 2021 trial proceedings.

Supplemental Needs Trust, 99 Mass. App. Ct. 376, 381 (2021).
"In the absence of a transcript, as here, we assume that [the judge's] findings are adequately supported." Connolly, supra.

Assuming that the judge's findings of fact are adequately supported, we discern no clear error or abuse of discretion in the judge's conclusion that the grandparents have not met their burden to overcome the presumption of validity of the mother's decisions concerning grandparent visitation. See Blixt, 437 Mass. at 657-658.

<div style="margin-left:50%">

Decree of dismissal dated March 14, 2024, affirmed.

By the Court (Grant, Walsh & Brennan, JJ.[4]),

Clerk

</div>

Entered: April 30, 2026.

---

[4] The panelists are listed in order of seniority.